ROGERS, Justice.
 

 The plaintiff, Mrs. Laura W. Shannon, alleging that she was married to the plaintiff, H. E. Shannon, on August 25, 1923, and that she obtained a judgment of separation from bed and board on October 1, 1936, brought this suit to set aside a certain contract between the parties of date August 31, 1936, and ratified on October 2, 1936, so far as it provides for a waiver or settlement of plaintiff’s right to alimony and for a further judgment condemning the defendant to pay her alimony of $125 a month, beginning with the month of October, 1936, and continuing each month thereafter. Plaintiff makes no charge of fraud or error. Her action is founded wholly on her complaint that she received no consideration for the provision of the contract which she seeks to set aside.
 

 Defendant filed an exception of no cause of action, which was overruled. He then filed his answer, in which he denied that the contract between the parties lacked consideration for the waiver or settlement, of plaintiff’s alimony rights. Defendant alleged that the properties listed in the contract were received by plaintiff in consideration of all her community rights and interests and also in settlement of all her alimony rights; that plaintiff was estopped to assert the contrary, especially since she did not offer to restore the properties received by her under the contract.
 

 Further answering, with full reservation of the right to object to the admission of parol evidence against or beyond what was contained in the contract or to contradict, alter, or vary its terms, and only in the event the objection should be overruled, defendant alleged that plaintiff had received properties of a total value of $6,441.98 and that he was left in full ownership of properties of a total value of $5,226, against which he had paid community debts of $1,813.17, leaving his properties of a net value of $3,412.17. Alleging that plaintiff had received full consideration for the waiver or settlement of her rights to alimony as set forth in the contract, defendant prayed that plaintiff’s demands be rejected and her suit dismissed.
 

 On the trial of the case, plaintiff called defendant on cross-examination as her first witness. When counsel for plaintiff proceeded to interrogate the witness, counsel for defendant, taking the position that neither fraud nor error had been alleged, objected to the admission of any parol evidence against and beyond the written contract or to alter, vary, or modify its terms. In connection with his objection counsel
 
 *591
 
 for defendant offered in evidence a certified copy of the contract between the parties. The trial judge sustained the objection and plaintiff then rested. Whereupon, judgment was rendered in defendant’s favor rejecting plaintiff’s demands. From that judgment plaintiff has appealed.
 

 The contract, a copy of which was filed in evidence, is in the following words and figures, viz.:
 

 “State of Louisiana
 

 “Parish of Caddo
 

 “This contract made and entered into on August 31st, 1936, by and between H. S. Shannon, first party, and Laura W. Shannon, second party, both residents of Shreveport, Louisiana:
 

 “Witnesseth:
 

 “Whereas the parties contemplate the dissolution of the community of acquets and gains existing between them; and
 

 “Whereas they are desirous of settling all claims, demands and property rights between themselves;
 

 “Now, therefore, upon the dissolution of said community, should it be dissolved within a reasonable time, say sixty (60) days from this date, they have agreed to liquidate and settle the same and all claims and demands of one against the other as follows:
 

 “First .party will transfer and deliver to second party seventy-five (75) shares of the capital stock of International Shoe Company, fully paid for and free of liens and encumbrances:
 

 “Second party has possession and shall become sole owner of the following described property:
 

 “One Oldsmobile, 1935 Model.
 

 “One Haynes Grand Piano.
 

 “One Majestic Radio.
 

 “All dishes, silverware, glassware, house hold goods and furniture owned by them and in apartment No. 3113 Centenary Boulevard, except the clothes and other personal effects of first party.
 

 “First party will pay and satisfy the following debts and obligations contracted by second party;
 

 “Metzer Dairies. 6.03
 

 Telephone Bill, part of which only were second party calls. 13.81
 

 Goldring’s .'.. 54.52
 

 Feibleman’s-Sears. 17.10
 

 Leon Johnson. 12.00
 

 T. B. Landford, Inc. 13.75
 

 Mrs. Kirby.' 1.50
 

 “First party will pay Gladstone Grocery whatever may be due it for groceries purchased by second party prior to September 1st, 1936.
 

 “First party will, at his own expense, crate and have stored in a bonded warehouse in the City of Shreveport such of the above described personal property as second party may indicate and point out, and to thereafter, at his own expense, cause the same to be shipped to St. Louis, Missouri, and delivered to second party at such address as she may select and indicate.
 

 “The settlement herein provided for is meant to cover and liquidate any and all
 
 *593
 
 claims and demands of second party now existing or that may hereafter arise for alimony or support by virtue of their marriage, as well as the existence of the community between them.
 

 “In testimony whereof, we signed hereto on August 31st, 1936.
 

 “H. E. Shannon,
 

 “First Party.
 

 “Laura W. Shannon,
 

 “Second Party.
 

 “Attest:
 

 “E. S. Thompson.
 

 “B. L. Johnson.
 

 “Received the property allotted to me and described in the above and foregoing contract for the purposes and consideration therein stat. This October 2nd, 1936.
 

 “Laura Shannon.
 

 “Attest:
 

 “Marie T. Hassler.
 

 “B. L. Johnson.”
 

 The record shows that the contract was entered into by the parties prior to the institution of plaintiff’s suit for separation from bed and board and that it was ratified by plaintiff after the judgment of separation was rendered, but before it was signed.
 

 No attack is made by plaintiff either on the legality of the contract or on her ratification thereof. Nor does plaintiff charge that she was induced to enter into the contract by fraud or error. On the contrary, she apparently stands on the contract, expressly reaffirming its legality both as to its execution and as to its ratification. The gravamen of plaintiff’s complaint is that the contract merely shows the portion of the community property which she received without showing the portion of the community property received by the defendant, which she claims was of an equal or greater value than what she received, and that she received no consideration whatever for the waiver or settlement of her alimony rights. Plaintiff seeks by her suit to maintain the contract so far as it relates to the .settlement of her community rights, but to set it aside so far as it relates to the settlement of her alimony rights. In support of her complaint plaintiff relies on article 1893 of the Civil Code, providing that a contract without a consideration can have no effect, and on a number of decisions of this court holding that all such engagements are null.
 

 But the authorities relied on by plaintiff to support her action are not applicable to the issues presented by the record. The contract involved in her suit imports a consideration moving to plaintiff for the liquidation of her rights and interests as set forth in the instrument.
 

 The contract on its face discloses that it was entered into by the parties in contemplation of the dissolution of their matrimonial community and for the purpose of liquidating and settling all their claims, demands, and rights, including plaintiff’s alimony rights, against each other. The contract does not show by its terms that the property transferred to plaintiff is community property. But it does show affirmatively that the property was transferred to plaintiff not only in settlement of her community rights but also in settlement of her alimony rights. Plaintiff admits that she received the property transferred to her by
 
 *595
 
 the contract for the purposes and consideration therein stated. Hence, plaintiff’s agreement to liquidate and settle her alimony rights, which she actually effectuated, is supported by a consideration, which is set forth in her contract.
 

 The contract is in the form of an act under private signature, hut its execution is acknowledged by the contracting parties.
 

 An act under private signature acknowledged by the party against whom it is adduced or legally held to be acknowledged, has, between those who have subscribed it, and their heirs and assigns, the same credit as an authentic act. Civ.Code, art. 2242. And the Code is express that, parol evidence shall not be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since. Civ.Code, arts. 2276, 2244, 2238.
 

 Accordingly, as will appear by reference to the digests, the unbending jurisprudence as embodied in the decisions of this court does not permit a party to add to, vary, or contradict his voluntary declarations, or written agreements, by parol evidence, except upon proper allegations of fraud or error.
 

 As we have heretofore pointed out, plaintiff makes no charge of fraud or error in connection with the confection or the execution of the contract; and, hence, testimony to establish something else than is exhibited in the provisions of the contract was properly excluded by the trial judge.
 

 Plaintiff cites Goldsmith v. Parsons, 182 La. 122, 123, 161 So. 175, in support of her contention that the lack of consideration for a contract may always be shown by parol evidence, without the allegation of fraud or error. But that case is not appropriate to this case. There the instrument sued on was a promissory note, as to -which between the original «parties the lack of consideration may be shown by parol evidence. This is in accordance with the laws peculiar to negotiable instruments. But those laws do not apply to written contracts other than negotiable instruments, which are governed by article 2276 and other articles of the Civil Code, providing that written contracts are not subject to contradiction or modification by parol evidence in the absence of a charge of fraud or error.
 

 Plaintiff argues, orally and in brief, that, in any event, the contract is void as having been executed in violation of public policy. But plaintiff’s argument cannot be considered, since no such issue is raised by her pleadings. Succession of Quinn, 183 La. 727, 164 So. 781, and authorities therein cited.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 O’NIELL, C. J., dissents and hands down reasons.
 

 HIGGINS, J., takes no part