JOHN S. PICKETT, Judge ad hoc.
Plaintiff and defendant are both Louisiana corporations. May 6, 1960, they entered into a written contract, under the terms of which plaintiff agreed to install a Hasting Window Awning for defendant at its place of business at the New Orleans Airport in the City of New Orleans, for the recited consideration of $192.00. The contract described in detail the nature, dimensions and style of the awning to be erected. The plaintiff complied with the contract by installing the awning described therein. The plaintiff owed defendant $100.00 on another transaction and it deducted this amount from the contract price, thus leaving a balance of $92.00 due plaintiff under the contract price.
The defendant failed to pay this balance due; and plaintiff instituted this suit for $92.00, with legal interest from judicial demand, until paid, together with twenty per cent, of the aggregate amount of principal and interest as attorney’s fees, all as provided in said contract. The defendant answered, admitted its corporate capacity, but denied that it owed plaintiff anything. As a defense, defendant alleged that its • sole purpose in entering into the contract was to secure the installation of an awning that would prevent the afternoon sun entering its office window; and that plaintiff was aware of that purpose. It is contended that the awning does not shut out the afternoon sunlight to defendant’s satisfaction; and for that reason the awning is useless. Defendant reconvened and asked for the rescission of the contract, the return of the $100.00 paid; and in the alternative that the purchase price be reduced to the sum of $100.00, the amount already paid. The trial court rendered judgment for plaintiff as prayed for; and defendant has appealed.
The defendant admits, and the evidence shows that the awning described in the contract — which contract was filed in evidence — was installed; and that the balance of the purchase price in the sum of $92.00 was not paid.
In the trial of this case defendant attempted to introduce parol evidence for the alleged purpose of proving an error in the cause of the contract. The trial court sustained an objection by counsel for plaintiff to the introduction of any parol testimony that might vary, or alter the terms of the written contract sued upon, because there was no allegation of fraud or deception in defendant’s pleadings. However, the trial court permitted defendant to introduce parol evidence under the provisions of Article 1636 of the LSA-Code of Civil Procedure, subject to the court’s ruling excluding the evidence.
In this court counsel for defendant contends the trial court was in error in refusing to admit the parol evidence offered by defendant. On the contrary, counsel for *15 plaintiff insists that the trial court was correct in excluding- parol evidence, and cites LSA-C.C. art. 2276, which provides:
“Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.”
The jurisprudence of this State interpretive of LSA-C.C., art 2276, is uniformly in accord with the ruling of the lower court, in this case. In Bank of Napoleon-ville v. Knobloch et al., 144 La. 100, 80 So. 214, the Supreme Court had under consideration the admissibility of parol evidence which was adduced in the case for the purpose of explaining the agreement, which the court found actually added to, and even contradicted some of the terms of the agreement, and in holding the parol evidence not admissible, said:
“When persons commit their agreements to writing, their intention and purposes cannot be sought outside the 'four corners of the written instrument. Where the terms of the agreement, however, are so ambiguous as not to be susceptible of intelligent construction, parol evidence may be admitted to make clear that which is obscure; but it is certainly in direct contravention of article 2276, Civ.Code, to admit parol, not to explain, but add to and contradict, a written agreement.”
To the same effect see Shannon v. Shannon, 188 La. 588, 177 So. 676, in which the Supreme Court said:
“Accordingly, as will appear by reference to the digests, the unbending jurisprudence as embodied in the decisions of this court does not permit a' party to add to, vary, or contradict his voluntary declarations, or written agreements, by parol evidence, except upon proper allegations of fraud.”
In the recent case of Lafleur v. Sylvester, 135 So.2d 91, the Court of Appeal, Third Circuit followed the jurisprudence, as above set forth. As was pointed out in the Shannon case, cited supra, the plaintiff had made no allegation of fraud, or deception in connection with either the confection or execution of the contract sued upon; therefore, testimony to establish intentions of the parties not contained in the provisions of the contract was properly excluded by the trial court.
Defendant cites LSA-Civil Code, Articles 1825, 1826 and 1832 in support of the contention that the parol evidence rule is not applicable in this, case, because there was error in the cause or motive of the contract. Appellant cites Housecraft Division of Southern Siding Company v. Tatum, La.App., 130 So.2d 524, recently decided by this court. That case refutes rather than confirms appellant’s position. In it the court said:
“The law is' clear to the effect that a contract entered into by one of the parties through an error in motive is a nullity, when the error concerns the . principal reason for entering therein. .•This is especially true when one of the parties to the contract is responsible for . creating the error.”
There is no special plea of error in the confection or execution of the contract, and the evidence does not warrant a conclusion that plaintiff misrepresented any material fact which induced appellant to enter into the contract. The principal cause of this contract was the installation of a window awning of a particular style and size, all of which is definitely described in the contract. Defendant admits the awning described in the contract was erected. In other words the identical object contracted for was installed. We find no merit in appellant’s contention that the parol evidence rule is not. applicable in this case.
Therefore, the trial court, in the absence of allegations of fraud, mistake, error or misrepresentation correctly excluded parol evidence to vary, or contradict the written *16 contract of the litigants. The balance due under the contract was proven.
For the reason assigned, the judgment appealed from is affirmed; all costs in both courts to be paid by appellant.
Affirmed.