459 So.2d 1200 (1984)
Mrs. E. Ruth Castle Jones, Wife of James I. JONES
v.
James I. JONES.
No. 84-CA-69.
Court of Appeal of Louisiana, Fifth Circuit.
November 13, 1984.
Writ Denied January 14, 1985.
*1201 John A.E. Davidson, Gilbert F. Ganucheau, Jr., Metairie, for appellee.
Ferdinand J. Kleppner, Metairie, for appellant.
Before KLIEBERT, BOWES and GRISBAUM, JJ.
BOWES, Judge.
James Jones appeals a judgment of the trial court which (1) dismissed his exceptions of no right and no cause of action, (2) declared the Compromise Agreement signed by him and Mrs. Jones on September 1, 1982 to be valid, and (3) ordered him to pay his former wife $1,250.00 per month alimony beginning on December 1, 1984 "until such time as she remarries."
Mr. and Mrs. Jones had become legally separated by judgment of the district court in February 1980. Pursuant to that judgment, a community property settlement was entered into by both parties. Subsequently, Mr. and Mrs. Jones reconciled and lived together until April, 1982, when they again separated. Mrs. Jones filed a petition for separation, alleging Mr. Jones' abandonment. In that proceeding, she also sought to set aside the previous community property compromise, and, further, asked for alimony pendente lite. After several pleadings and exceptions, which do not concern us at present, Mrs. Jones was awarded, according to the minute entry, a "loan" of $1,250.00 per month beginning June 1, 1982, to continue until the date of trial.
On September 1, 1982, the date of trial, the court granted a separation in favor of Mrs. Jones and ordered appellant to pay $1,250.00 per month alimony, commencing on the date of the original alimony rule. The judgment further annulled and set aside the previous (1980) community property agreement.
Also on September 1st, a joint motion by plaintiff and defendant was filed "to modify and terminate a matrimonial regime and for approval of agreement in connection therewith." The petition stated that the present agreement sought to compromise and settle in full all issues between the parties connected with property rights, the previous settlement agreement, support payments, alimony pendente lite, and permanent alimony subsequent to any divorce.
On the date it was signed and filed, September 1, 1982, a second judgment approving, homologating and adopting the terms and provisions of the entire content of the agreement was signed by the trial court. It is this agreement which is the focal point of the pending appeal.
*1202 The pertinent portions of the agreement are:
... Deponents further declared that a Judgment of Separation from Bed and Board has been rendered in proceedings numbered 266-736 of the docket of the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, which Judgment was rendered and signed on September 1, 1982, and, therefore, the parties hereto do hereby enter into the following compromise settlement agreement of all further property rights, alimony rights, support rights, or any and all other issues existing between them:
... (2) JAMES I. JONES shall pay to the said EDDYE CASTLE JONES, a/k/a RUTH CASTLE JONES, the sum of ONE THOUSAND TWO HUNDRED FIFTY ($1,250.00) DOLLARS per month, each and every month, due and payable on the first of each and every month, commencing September 1, 1982, unless and until the said EDDYE RUTH CASTLE JONES, a/k/a RUTH CASTLE JONES shall remarry, and further provided that the said JAMES I. JONES does hereby declare and acknowledge that he does hereby grant full acquittance and discharge to the said EDDYE RUTH CASTLE JONES, a/k/a RUTH CASTLE JONES, waiving all rights to re-payment or reimbursement for all sums paid by JAMES I. JONES to EDDYE RUTH CASTLE JONES, a/k/a RUTH CASTLE JONES since the date of filing of Petition for Separation in matter numbered 266-736 of the Twenty-Fourth Judicial District Court for the Parish of Jefferson;
... The said EDDYE RUTH CASTLE JONES, a/k/a RUTH CASTLE JONES, did further declare and acknowledge that as additional consideration for the conveyances made to her by JAMES I. JONES and the payments of money as expressed elsewhere in this agreement, she does hereby knowingly, intelligently, and with full counsel and knowledge, waive her rights to any and all payments for support, alimony, alimony pendente lite, and/or permanent alimony, of any nature, kind or description whatsoever, other than the sums of money expressed elsewhere in this agreement to be paid by the said JAMES I. JONES, and she does forever and without qualification renounce any rights to seek an increase in the payments specified elsewhere in this agreement, for any reason whatsoever, including but not limited to such reasons as illness, loss of income, and/or inflation.
The said EDDYE RUTH CASTLE JONES, a/k/a RUTH CASTLE JONES declared and acknowledged that she does hereby accept the conveyances and other stipulations and considerations expressed and described above, in full and complete satisfaction of any and all interests, be they property, alimony, or other interests, and she relinquishes any and all claims and demands of any kind, nature and description whatsoever to any community property, or other property owned by the said JAMES I. JONES, or previously acquired by him, or subsequently acquired by him, with the exception of those items and conveyances expressed hereinabove.
In July 1983, Mr. Jones filed for divorce based on no reconciliation for 6 months following a judgment of separation. Mrs. Jones answered, requesting alimony in the amount of $1,250.00 per month. The divorce was granted in October, 1983, and the alimony rule was tried separately on December 1st. Appellant filed exceptions of no right and no cause of action, alleging that the clause of the compromise, wherein he agreed to pay $1,250.00 per month to Mrs. Jones until her remarriage, was potestative and, therefore, null and unenforceable. The trial judge, after a hearing, dismissed the exceptions and found in favor of Mrs. Jones, as stated hereinabove. It is this judgment that defendant appeals, alleging as error:
The court erred when it dismissed Appellant's Exception of No Right and/or No Cause of Action finding the Compromise and Settlement Agreement herein *1203 dated September 1, 1982, to be valid and enforceable.
The court erred when it dismissed Appellant's Exception of No Right and/or No Case of Action construing the terms of the Compromise and Settlement Agreement herein, dated September 1, 1982, as being alimony provisions and not general terms of a contract.
Under Civil Code Article 2024. a potestative condition is defined as one which makes the execution of the agreement depend on an event which is in the power of one or the other of the contracting parties to bring about or hinder. Article 2034 declares those obligations null and void as potestative which depend exclusively on the will of the obligor.[1] Pertinent to the case at bar is the Supreme Court's discussion of potestative conditions in Conques v. Andrus, 162 La. 73, 110 So. 43 (1926).
There is no prohibition and no nullity is pronounced against an agreement the execution of which by the obligor is made to depend on the will of the obligee or contractee.
And the reason for this difference in the effect of such a condition is: (1) That if the contract is made to depend solely on the will of the obligor there would be lacking a mutuality of obligation between the parties, without which no valid contract can exist; and (2) a contract by which a person assumes an obligation to do a certain thing and at the same time reserves to himself the privilege of electing not to execute is no contract at all.
This is not true, however, where the performance of an obligation is made to depend on the will of the party to whom the promise is made. In all such cases when the obligee in the exercise of the option granted him elects to have the obligation in his favor executed, the contract which until that event happens is suspended becomes a commutative, binding, and enforceable contract.
... Neither the articles of the Code nor the jurisprudence of this state accord to an obligor the right to absolve himself from his obligation because the execution of such obligation is made to depend on the happening of an event which is within the power of the obligee to bring about or to hinder.
See also LaSalle Extension University v. Thibodeaux, 155 So. 53 (App.1934); and Commercial Union Insurance Co. v. Milazzo, 265 So.2d 298 (La.App. 4th Cir.1972).
Under the contract in question, Mr. Jones is obligated to pay $1,250.00 per month to Mrs. Jones, until she remarries. The obligation to pay is not dependent solely on an event which is within the power of Mr. Jones, the obligor, to bring about or hinder. Rather, the obligation arises from the past marital obligations imposed by Civil Code Article 160. The "event" to which appellant refers, Mrs. Jones' remarriage, is clearly within the obligee's will. The clause is, then, not potestative under the law and jurisprudence.
As to appellant's second assignment of error, we agree with the trial judge that the obligation in question is "in the nature of an alimony agreement"; that the parties entered into a property settlement which contained an alimony agreement:
... "that the intention of these parties to be, that Mr. Jones wanted to be obligated to a set sum of money to Mrs. Jones; that he did not want her in any way, shape or form to be able to come back for an increase as their agreement so states, because of illness, loss of income, and/or inflation. And he wanted her to be bound by that."
It is settled that spouses may contract, under certain circumstances, on the subject of alimony. C.C. Art. 1790 was amended in 1978, removing the incapacities of husband and wife to contract. This includes the right to contract on the subject of alimony. Beringer v. Beringer, 415 *1204 So.2d 429 (La.App. 1st Cir.1982). Under the facts of this case, we find there was no prohibition against Mr. and Mrs. Castle's agreement.
The record supports our conclusion that the agreement states a bargained-for arrangement advantageous to both parties. Mrs. Jones is assured of a set sum of monthly payments, regardless of any change in circumstances which ordinarily reduce or terminate those payments (other than remarriage). Should her income increase or needs decrease, she will not suffer a decrease in payment. On the other hand, Mr. Jones is assured that he will never have to face an increase, in the event of an unfortunate happenstance occurring to Mrs. Jones, such as illness or unemployment. In short, each party received benefits from the arrangement. Such does not change the character of the payments as alimony.
Considering the agreement as a whole, we are unable to conceive of a reason why Mr. Jones should stipulate to such payments if it were not to discharge his alimony obligation. The fact that the amount involved is precisely the amount originally prayed for as permanent alimony, and originally granted as such in the separation judgment, further bolsters our conclusion that the stipulated payments are alimony, and enforceable as such until the remarriage of appellee.
We are of the opinion that that portion of the agreement (emphasized hereinabove) which states that Mrs. Jones waives her rights to all payments for alimony "other than the sums of money expressed elsewhere in this agreement" is plainly understood to mean any alimony payments over, above, and beyond the alimony payments expressed in Section 2 (excerpted hereinabove).
For the foregoing reasons, the judgment appealed from is affirmed. Each party will bear their own costs of this appeal.
AFFIRMED.
NOTES
[1] Art. 2034 Nullity of obligation based on potestative condition. Every obligation is null, that has been contracted, on a Potestative condition, on the part of him who binds himself.