469 So.2d 378 (1985)
Janie Lynn BROOKS, Plaintiff-Respondent,
v.
Paul Victor BROOKS, Defendant-Applicant.
No. 17095-CW.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1985.
*379 J. Stacey Freeman, Bossier City, for defendant-applicant.
James B. Wells & Assoc. by James D. Slack, Bossier City, for plaintiff-respondent.
Before HALL, FRED W. JONES, Jr., and NORRIS, JJ.
HALL, Judge.
Janie Lynn Brooks, plaintiff-respondent, filed suit for separation from bed and board against Paul Victor Brooks, defendant-applicant. Pursuant to the plaintiff's petition, a rule was issued directing defendant to show cause why plaintiff should not be granted the pendente lite custody of their minor child, Crystal Hart Brooks. At the hearing on the rule, the defendant orally asserted that joint custody would be in the best interest of the child and offered evidence to support his claim to joint custody. However, the trial court refused to consider the statutory presumption in favor of joint custody under LSA-C.C. Art. 146 on the basis that the defendant had not *380 filed a written pleading claiming custody of the child. At the conclusion of the hearing, the trial court awarded sole custody to the plaintiff. This court granted the defendant's application for supervisory review of the trial court's ruling. Finding error by the trial court, we reverse and remand.
The issue presented is whether the joint custody preference of LSA-C.C. Art. 146 is applicable in a determination of provisional custody when the respondent to the rule does not file a written pleading claiming custody of the child.
In awarding sole custody of the child to the mother, the court found that the presumption in favor of joint custody under LSA-C.C. Art. 146 does not apply because the defendant had not claimed custody of the child as contemplated by that article. Specifically, the defendant did not file an answer or any other pleading seeking custody of the child in response to plaintiff's petition and the rule to show cause.
LSA-C.C. Art. 146 provides in pertinent part as follows:
A. If there are children of the marriage whose provisional custody is claimed by both husband and wife, the suit being yet pending and undecided, custody shall be awarded in the following order of preference, according to the best interest of the children:
(1) To both parents jointly....
The trial court was of the view that the joint custody preference of the article is not applicable unless provisional custody is claimed by both husband and wife by written pleadings.
Under LSA-C.C.P. Art. 2593, an answer to a rule to show cause is not required except as otherwise provided by law. The Code of Civil Procedure provides specific instances where answers are required, such as a writ of habeas corpus, mandamus, or quo warranto. LSA-C.C.P. Arts. 3783, 3825. The Code of Civil Procedure does not require an answer in a summary proceeding concerning child custody.
In Perkins v. Perkins, 388 So.2d 475 (La.App. 2d Cir.1980) the plaintiff filed a rule against her former husband to increase the amount of child support he was paying per month. The husband appeared at the hearing and showed that one of the children would soon become 18 years of age. The trial court rendered a judgment increasing the child support award until the child reached 18 years of age, and at that time, the award would be reduced to an amount which was lower than the amount of child support the defendant was previously paying. The plaintiff contended that because a reduction based upon the child's majority was not pleaded in reconvention to her rule, the trial court erred in including such a reduction in the judgment. In affirming the judgment of the trial court, this court held that a rule to show cause is a summary proceeding which obliges one only to show, and not to plead, cause. Affirmative defenses which must be pleaded in an answer in ordinary proceedings need not be pleaded in summary proceedings where no answer is required. See Cookmeyer v. Cookmeyer, 354 So.2d 686 (La. App. 4th Cir.1978).
While LSA-C.C. Art. 146 establishes the preference for joint custody only where both husband and wife claim custody, the article does not specify the manner in which the parties must claim custody. A rule for provisional custody is a summary proceeding which obliges the respondent only to "show" cause and does not require an answer. Therefore, the defendant need only appear at the hearing and claim custody of the child, which defendant clearly did in this case. The substantive provisions of Civil Code Article 146 do not alter the procedural provisions of Code of Civil Procedure Article 2593.
The trial court was understandably concerned with the problem of proceeding to trial where the claims and issues asserted by both parties are not set forth and defined in written pleadings, but such is the nature of summary proceedings where the procedure prescribed by the legislature places greater emphasis on a speedy resolution of the dispute than on the niceties of written pleadings. Any change in that procedure addresses itself to the legislature and not the courts.
*381 Various methods and techniques are available to the trial court in the conduct of the hearing to define the issues and to regulate and control the orderly presentation of evidence. See LSA-C.C.P. Arts. 191, 1631, 1601, 1154. Among other procedures, the court can order the submission of a joint custody plan prior to rendering a custody decree under the provisions of LSA-C.C. Art. 146 A.(1).
The legislature has established a presumption that joint custody is in the best interest of the child unless valid reasons are shown to the contrary. Requiring a defendant to file a responsive pleading in a summary proceeding concerning child custody could hinder the legislative intent of LSA-C.C. Art. 146 and delay the determination of the child custody dispute. The trial court erred in not considering the joint custody preference of LSA-C.C. Art. 146. Therefore, the trial court's judgment awarding sole pendente lite custody of the child to the plaintiff is reversed. This cause is remanded to the trial court for a new summary determination under the guidelines of LSA-C.C. Art. 146. The trial court's award of custody to the plaintiff shall remain in effect until a new determination is made consistent with the views expressed herein.
REVERSED AND REMANDED.