527 So.2d 463 (1988)
Marshall J. FAVRET
v.
Gail Erichson FAVRET.
No. 88-CA-86.
Court of Appeal of Louisiana, Fifth Circuit.
June 7, 1988.
Favret, Favret, Demarest & Russo, John Y. Kennedy, New Orleans, for plaintiff/appellant.
*464 Lowe, Stein, Hoffman & Allweiss, Robert C. Lowe, Ellen Widen Kessler, New Orleans, for defendant/appellee.
Before GRISBAUM, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
This case arises from a rule brought by a divorced husband to terminate permanent alimony. The court rendered judgment in favor of the wife and the husband has appealed. The wife answered the appeal to correct an error in the court's reasons for judgment.
Marshall J. Favret, an attorney, and his wife, Gail Erichson Favret, were legally separated on June 27, 1977. On February 2, 1978 the couple executed a settlement of community property, and at the same time the husband executed a document, authentic in form, entitled "Supplement to the Settlement of Community by Marshal (sic) J. Favret and Gail Favret Dated the 2nd Day of February, 1978". (Appendix "A"). Mr. Favret was granted a divorce by default judgment on October 20, 1978, which gave custody of the four minor children to Mrs. Favret and ordered Mr. Favret to pay $500 per month support for each child and an additional $500 per month to Gail Favret "individually for her maintenance and support."
On October 9, 1986, Mr. Favret filed the motion to terminate post-divorce alimony that is the subject of this appeal. On February 5, 1987, Mrs. Favret filed a pleading entitled "Affirmative Defense; Motion to Dismiss," asserting the affirmative defenses of estoppel and transaction or compromise, based on the supplemental document of February 2, 1978. A hearing was held on February 6, 1987, at the close of which the trial judge took the matter under advisement and asked the parties to file memoranda on the issues of prescription, validity of the supplement to the community property settlement, and admission of parol evidence relative to the document. On July 29, 1987 the court rendered judgment with reasons in favor of Mrs. Favret, dismissing the rule to terminate alimony. Thereafter Mr. Favret filed a motion for new trial, which was denied. This appeal followed.
The provision of the "supplement" upon which Mrs. Favret relies to defeat the motion to terminate post-divorce alimony reads as follows:
In consideration of the community property settlement, Marshal J. Favret does:
. . . . .
2. Bind himself, to seek no reduction in alimony payments to Gail Erickson (sic) Favret before and/or after the divorce unless his earning capacity should be significantly diminished by ill health.
The seven "Errors and Issues" listed by the appellant refer to the overriding issue of the case: whether the document entitled "Supplement to the Settlement of Community by Marshal (sic) J. Favret and Gail Favret Dated the 2nd Day of February, 1978" is a valid, enforceable, unambiguous contract.
The courts have upheld contracts regarding alimony, either as a provision of a community property settlement or as a separate agreement. In King v. King, 390 So.2d 250 (La.App. 3rd Cir.1980), writ refused 396 So.2d 884 (La.1981), the court approved an alimony clause of a community property settlement providing the husband would pay alimony until the wife's remarriage, thereby bargaining away his right under LSA-C.C. art. 160 to have alimony terminated when his wife no longer needed it. The court found that, although the agreement was made prior to divorce, (and before the legislature lifted the prohibition against interspousal contracts during marriage), the parties ratified the agreement by complying with the property apportionment and by his making alimony payments. This court in Jones v. Jones, 459 So.2d 1200 (La.App. 5th Cir.1984), writ denied 462 So.2d 649 (La.1985) affirmed the enforceability of a community property compromise in which the husband promised to pay a set monthly sum until the wife remarried and the wife agreed not to seek an increase under any circumstances, which agreement the court termed "a bargained-for arrangement advantageous to *465 both parties." In Spencer v. Spencer, 472 So.2d 302 (La.App. 3rd Cir.1985) the court upheld a property settlement agreement that included an alimony obligation on the part of the husband and a promise by the wife to make no further demand against the husband (conditioned upon timely payment of alimony). Those provisions were not set out in a court judgment. The court held specifically that, "...alimony agreements need not be incorporated into a court judgment and are enforceable according to their own terms or the proven intent of the parties...." Spencer v. Spencer, supra, at 307. Accord, Oberfell v. Oberfell, 516 So.2d 424, (La.App. 1st Cir.1987). Finally, in Bonck v. Bonck, 500 So.2d 798 (La.App. 1st Cir.1986), writ denied 501 So.2d 774 (La.1987), on the same day on which the parties executed a community property settlement agreement they also executed a "Community Property Settlement Counter Letter" which provided that the husband would pay alimony until the wife remarried and that the wife would seek no increase. The court upheld the counter letter as enforceable even though the termination provisions were not included in an amended judgment of divorce.
In the case before us, the appellant points out two errors in the court's written reasons for judgment. The court stated:
. . . . .
On the same day as the community property settlement, another document was executed in which both parties agreed that permanent alimony in the amount of $500.00 per month be paid to Mrs. Favret. Both parties further agreed that neither of them would seek an increase or decrease in the permanent alimony for any reasons other than Mr. Favret's inability to work because of illness or some other physical infirmity....
The judge continued:
The Court dismisses Mr. Favret's Rule because it finds that the alimony agreement signed by the parties is binding on them. In the recent case Bonck v. Bonck, 500 So.2d 798 (La.App. 1st Cir. 1986), writ denied, 501 So.2d 774 (La. 1987), a similar alimony agreement was held to be valid and enforceable by the Court. That Court stated:
Divorced spouses may validly contract with each other for permanent alimony. Such agreements are enforceable according to their own terms and need not be incorporated into a judgment.
Bonck, supra, at 800 (citations omitted).
Similar contracts between former spouses which involve a clause preventing the parties from seeking either an increase or a decrease in permanent alimony have been upheld by Louisiana courts. See Klein v. Klein, 485 So.2d 970 (La.App. 5th Cir.1986), writ denied, 489 So.2d 921 (La.1986); Jones v. Jones, 459 So.2d 1200 (La.App. 5th Cir.1984) writ denied, 462 So.2d 649 (La.1985); Spencer v. Spencer, 472 So.2d 302 (La. App. 3rd Cir.1985).
On the basis of the caselaw upholding such alimony agreements, this court finds that the alimony agreement executed by Marshall Favret and Gail Erichson Favret is valid and enforceable by this Court. The Rule to Terminate Alimony filed by Mr. Favret is dismissed. [Emphasis supplied.]
The document shows Mr. Favret alone as having executed it, and Mrs. Favret's signature is that of a witness only; therefore, the agreement clearly was not executed by both parties. Nowhere in the document appears a provision that Mrs. Favret would not seek an increase; instead it sets out five obligations of Mr. Favret. Mrs. Favret filed an answer to the appeal for the sole purpose of declaring that she had not agreed to forego seeking an increase in alimony, as stated in the reasons for judgment. The appellant argues that these errors indicate that the contract in question here was not a bargained for agreement, as in the case summarized above. Written reasons define and elucidate the principle on which the judge has decided the case, although they form no part of the official judgment that he signs and from which appeals are taken. Sullivan v. Gulf States Utilities Co., 382 So.2d 184 (La.App. 1st Cir.1980), writ denied 384 So.2d 447 *466 (La.1980). The inaccuracies are described as harmless error by the appellee, but will be considered in our evaluation of the appellant's arguments and our review of the trial court's application of the law.
Affirmative Defense in Summary Proceeding
Prior to considering the substantive issues raised by the appellant, we shall discuss a procedural error assigned by him. The appellant argues that the trial judge erred in allowing the appellee to raise an affirmative defense in a summary procedure, and that the court should have allowed him to proceed with his rule to show that alimony should be terminated on the basis of Mrs. Favret's lack of need. He avers that if the judge had terminated alimony, Mrs. Favret could then have sued for breach of contract in an ordinary proceeding.
The appellee argues, and we agree, that she was entitled to raise the defense in the summary proceeding, although she was not required to file the written pleading. As set out in Brooks v. Brooks, 469 So.2d 378, 380 (La.App. 2nd Cir.1985):
...affirmative defenses which must be pleaded in an answer in ordinary proceedings need not be pleaded in summary pleadings where no answer is required. See Cookmeyer v. Cookmeyer, 354 So.2d 686 (La.App. 4th Cir.1978).
The cumbersome procedural sequence suggested by the appellant would indeed be wasteful of court time when, by hearing the defense first, another proceeding might be obviated.
Parol Evidence
The trial court refused to allow parol evidence regarding the intentions of the parties in the confection of the community property settlement and the supplementary document. The appellee's position, adopted by the judge, is that the supplementary document, in authentic form, is unambiguous and therefore self-proving.
The appellant argues that the supplement is invalid because of lack of consideration; as there was no reciprocal promise on the part of Mrs. Favret, the contract was gratuitous, requiring Mrs. Favret to accept the donation formally in writing. He maintains that parol evidence should have been allowed as to the intent of the parties because of ambiguity in the contract and lack of consideration as to the community property settlement contract.
LSA-C.C. art. 1848 provides:
Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of content, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement.
The jurisprudence recognizes certain exceptions to the parol evidence rule, of which want of consideration is one. Mott v. Philips, 372 So.2d 223 (La.App. 3rd Cir. 1979).
There is no doubt that the supplemental contract obligates only Marshall J. Favret; however, it begins with the words, "In consideration of the community property settlement....", and the title clearly identifies it as being an addendum to that document. Attached to Mrs. Favret's memorandum in support of affirmative defense on settlement of the community is a "memorandum of agreement" submitted to Mrs. Favret by Mr. Favret in December, 1977. The proposal includes a promise by Mr. Favret not to seek a reduction in the current alimony and child support award, conditional upon certain promises by Mrs. Favret that were deleted in pen and initialed "MJF". [R., 76] Also attached is a letter from Mr. Favret to Mrs. Favret dated January 4, 1978, outlining certain proposed provisions for settlement of the community, one clause of which reads:
"I will continue the present alimony/child support payments of $2500.00 per month, and will dismiss the pending appeal. I will take no steps to reduce the amount of alimony or child support unless my present earning capacity should be significantly diminished by ill health or the like...." [R.79].
*467 These documents are part of the record and indicate that the parties negotiated with each other on the settlement. As in the cases cited, Bonck v. Bonck, supra, Spencer v. Spencer, supra, Jones v. Jones, supra, and King v. King, supra, continuation of alimony was bargained for as part of the property agreement.
The case of Shannon v. Shannon, 188 La. 588, 177 So. 676 (1937), is factually very similar to the case before us. There the wife sued to set aside that portion of a contract that provided for a waiver of her right to alimony, which her husband alleged her to have given in consideration of certain provisions of the community settlement. She sued solely on the basis of having received no consideration, alleging that the contract did not indicate the amount of property received by her husband and that it was equal to or greater than that which she received. As she did not allege fraud and admitted that she had received the property in settlement of both her community and her alimony rights, the court held that parol evidence was not admissible. The court said, 177 So. at 678:
...[T]he unbending jurisprudence as embodied in the decisions of this court does not permit a party to add to, vary, or contradict his voluntary declarations, or written agreements, by parol evidence, except upon proper allegations of fraud or error."
Counsel for Mrs. Favret alleges that Mr. Favret drafted the alimony agreement and community property settlement, and any ambiguity would be construed against him. We agree with Mr. Favret that this allegation is incorrect. In Mrs. Favret's memorandum supporting her affirmative defense she states, "...Mr. Favret was sent a copy of the Supplement Affidavit prior to the date it was executed along with the settlement of community property, Exhibit D." (R., p. 69-70). Although it is clear that counsel for Mrs. Favret prepared the two documents, it is difficult to believe that Mr. Favret, an experienced practising attorney, would have executed an authentic act without reviewing it thoroughly to insure that it stated his intentions correctly, or that he would have inadvertently made a donation to his former wife. We find, accordingly, that the trial court ruled correctly in disallowing parol evidence as to the intent of the parties.
Ratification of Community Property and Alimony Settlement
The court stated in the reasons for judgment:
...This community property and alimony settlement between the parties was ratified by them after the final divorce, and Mr. Favret has paid Mrs. Favret the $500.00 per month in alimony over nine years....
The appellant denies having ratified the agreement, averring that the alimony and support payments were made pursuant to the divorce judgment and not because of the contract. Mrs. Favret answered "yes" when asked by counsel for the plaintiff, "In connection with that judgment [of divorce] have you beenhave you received payments in accordance with that judgment?"
The appellee responds to the above argument by pointing out that both parties have performed the obligations set out in the property settlement and supplement. The property was transferred by the two parties in accordance with the settlement and the partition was complete, no new assets having been uncovered; Mr. Favret dismissed his appeal from the June 27, 1977 separation judgment, as promised in the supplement; and he sought no reduction in child support or alimony payments from the time of the divorce.
Prior to the revision of LSA-C.C. Book III, Title IV, effective January 1, 1985, article 2272 applied to confirmation or ratification of an obligation "against which the law admits the action of nullity or rescission" and provided for tacit confirmation or ratification by voluntary execution of the obligation. The substance of article 2272 has been reproduced in articles 1842 and 1843, which read as follows:
Art. 1842. Confirmation
Confirmation is a declaration whereby a person cures the relative nullity of an obligation.
An express act of confirmation must contain or identify the substance of the obligation and evidence the intention to cure its relative nullity.
*468 Tacit confirmation may result from voluntary performance of the obligation. Art. 1843. Ratification
Ratification is a declaration whereby a person gives his consent to an obligation incurred on his behalf by another without authority.
An express act of ratification must evidence the intention to be bound by the ratified obligation.
Tacit ratification results when a person, with knowledge of an obligation incurred on his behalf by another, accepts the benefit of that obligation.
As the contract at issue is not a matter of mandate, article 1843 is not applicable. Article 1842 on confirmation is applicable only where there is a relative nullity of an obligation. The parties confected the community property settlement and supplement after being judicially separated, but prior to their being divorced, so that the agreements were relatively null under the law in existence then. By performance of the obligations set out in the two documents, the parties have confirmed them. Even though Mr. Favret was making support payments in the amount ordered in the divorce judgment, such compliance does not negate his confirmation of the provisions of the supplemental agreement by voluntary performance. King v. King, supra. Accordingly, we find no merit in Mr. Favret's denial of ratification.
Motion for New Trial
The appellant's motion for new trial was heard on the trial court's refusal to allow a complete hearing of evidence as to Mrs. Favret's need for alimony. As the appellee's affirmative defense was determined by the trial court to be effective, there was no reason for the taking of further evidence, and the denial of a new trial was correct.
For the reasons assigned above, the judgment appealed from is affirmed.
AFFIRMED.