LANIER and LeBLANC, Judges,
concurring.
We agree with the lead opinion that the judgment of the trial court which sustained the peremptory exception should be reversed and that this case be remanded for a trial on the merits. However, we do not agree that the issue of reconciliation after a judgment of legal separation can be raised in objections of no cause of action or no right of action. Reconciliation is an affirmative defense which must be considered on the merits of the case. La.C.C. art. 152; La.C.C.P. art. 1005; Ogea v. Ogea, 378 So.2d 984 (La.App. 3rd Cir.1979), writ denied, 379 So.2d 1104 (La.1980); Thompson v. Thompson, 371 So.2d 1199 (La.App. 1st Cir.1979); Brown v. Brown, 260 So.2d 66 (La.App. 4th Cir.), writ refused, 261 La. 1067, 262 So.2d 45 (1972); Broyles v. Broyles, 197 So.2d 123 (La.App. 1st Cir.1967). Cf. Bearden v. Rucker, 437 So.2d 1116 (La.1983).
The objection of no cause of action raised in a peremptory exception tests the legal sufficiency of the petition, and all the allegations of the petition are accepted as true; an objection of no cause of action is sustained only where the law affords no remedy to plaintiff under the allegations of his petition. McGowan v. Ramey, 484 So.2d 785 (La.App. 1st Cir.1986). Mrs. DeVillier’s petition for contempt, past due alimony *1147 and child support and attorney fees facially states a cause of action.
The objection of no right of action raised in a peremptory exception tests whether a remedy afforded by law can be invoked by the plaintiff and determines if the plaintiff has a right or legal interest in the subject matter of the suit. Fulford v. Green, 474 So.2d 972 (La.App. 1st Cir.1985). Mrs. DeVillier belongs to the class of persons who can claim contempt, past due alimony and child support and attorney fees.
An affirmative defense raises new matter which, assuming the allegations in the petition are true, constitutes a defense to the action and will defeat the plaintiff’s demand on the merits. Keller v. Amedeo, 512 So.2d 385 (La.1987). For example, the extinguishment of an obligation in any manner is an affirmative defense. La.C.C. P. art. 1005. A reconciliation extinguishes the action and/or judgment of separation. La.C.C. art. 152. Thus, reconciliation is an affirmative defense.
This action is a summary proceeding. La.C.C.P. art. 2591-2596. In an ordinary proceeding, an affirmative defense must be raised in an answer. La.C.C.P. art. 1005. However, since this is a summary proceeding, no answer is required and the affirmative defense can be presented with evidence at the trial on the merits. La.C.C.P. art. 2593; Favret v. Favret, 527 So.2d 463 (La.App. 5th Cir.), writ denied, 532 So.2d 114 (La.1988); Brooks v. Brooks, 469 So.2d 378 (La.App. 2nd Cir.1985). Accordingly, the judgment sustaining the exception should be reversed, and this case remanded to the trial court for a trial on the merits. See, for example, Osborne v. Stone, 476 So.2d 809 (La.1985), which peremptorily reversed 472 So.2d 223 (La.App. 1st Cir.1985).