CULPEPPER, Judge.
This is a suit for damages for personal injuries. The plaintiff, Mrs. Annie Inez Devore, was employed as a cook in the kitchen of a public school in Rapides Parish. On October 2,1974, she was allegedly scalded by boiling water which spewed out of a double steamer in the kitchen. Suit was originally filed by plaintiff on September 30, 1975, just prior to the expiration of the one year prescription applicable to tort suits. The first petition named three defendants, Hobart Manufacturing Company, Cleveland Manufacturing Company and Cleveland Consolidated, Inc., who were alleged to be the manufacturers, distributors or sellers of the defective double steamer. Service was never made on Cleveland Manufacturing Company, but it was made on the other two.
Counsel for plaintiff later learned that actually none of these three original defendants were the manufacturers, distributors or sellers of the steamer. On November 24, 1975, which was two months after the one-year prescriptive period had elapsed, plaintiff obtained service by registered mail on Cleveland Range Company, the actual manufacturer of the steamer. On April 13, 1976, Cleveland Range Company, filed a motion to quash the citation and service because they were not named as one of the original defendants, pursuant to which judgment was rendered on June 28, 1976 dismissing Cleveland Range Company for lack of proper service and citation.
On plaintiffs’ own motion, suit was dismissed against Cleveland Consolidated, Inc. and Hobart Manufacturing Company.
On June 18, 1976, plaintiffs amended their petition to name as defendants Cleveland Range Company, Aleo Pood Service Equipment Company, and Aleo Standard Company, Inc., and all were served pursuant to the longarm statute of the State of Louisiana. In this same petition, the plaintiffs named as defendants the Rapides Parish School Board and Mrs. Sybil T. Jones, on the basis that they had negligently represented to plaintiffs that the three originally named defendants were the manufacturers of the steamer, when in truth and in fact the steamer was manufactured by Cleveland Range Company.
On August 3, 1976, Cleveland Range Company, Aleo Food Service Equipment Company and Aleo Standard Company, Inc. filed an exception of prescription of one year. After a hearing on the exception, the trial judge rendered written reasons in which he found there was no connection between Cleveland Range Company, the actual manufacturer of the steamer, and the originally named defendants. Judgment was rendered on December 6, 1976 sustaining the exception of prescription.
This left only the Rapides Parish School Board and Mrs. Sybil Jones as defendants. On April 22, 1977, these defendants filed an exception of no cause of action on the grounds that plaintiff’s petition failed to state a cause of action against them. This exception was sustained by the trial judge. Prom the judgment dismissing their suit as against these two defendants, the plaintiffs appealed.
The issue is whether plaintiffs’ petition states a cause of action for “negligent misrepresentation” against the Rapides Parish School Board and Mrs. Sybil T. Jones. The pertinent allegations of plaintiffs’ petition are as follows:
“On July 30, 1975, counsel for petitioners wrote a letter to the Rapides Parish School Board requesting information as to the manufacturer of the equipment alleged to have caused the aforesaid injuries to petitioner, ANNIE INEZ DE-VORE; defendant Rapides Parish School Board was at that time, and still is, the owner and custodian of the aforesaid equipment, and, in response to the aforesaid request by counsel for petitioners, the said Rapides Parish School Board *1110 through Mrs. Sybil T. Jones, Director of School Food Services, on August 15, 1975, replied to counsel for petitioners, in writing, that the manufacturer of the equipment referenced above was ‘Cleveland Manufacturing Company of Cléveland, Ohio.’ Petitioners, relying on the representations made by the said Mrs. Jones filed this action against Cleveland Manufacturing Company.
8.
“Defendant, Sybil T. Jones, at all times knew or should have known that the actual manufacturer of the aforesaid equipment was the Cleveland Range Company, and, for reasons unknown to petitioners, negligently misinformed petitioner’s counsel as to the proper manufacturer of the steamer. Said representations by Mrs. Jones were negligent, and said Rap-ides Parish School Board as employer of petitioner ANNIE INEZ DEVORE, and as owner and custodian of the steamer, had a duty to petitioners to properly apprise them of the name of the proper manufacturer of the said equipment and defendants, Rapides Parish School Board and/or Sybil T. Jones breached that duty; further petitioners had a right to rely upon said representations because of defendant School Board’s position as employer of petitioner, ANNIE INEZ DE-VORE, and as owner and custodian of the steamer.”
On appeal, plaintiffs argue that they alleged a cause of action for “negligent misrepresentation”. Although they cite no Louisiana case which has recognized this doctrine by that name, they cite Restatement of Torts, 2d, Section 552 which reads as follows:
“(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
(2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.
(3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them.”
Counsel for defendants-appellees point out that in the 1976 Revision to the Restatement, the Comment to Subsection 1 states:
“Comment on Subsection (1):
c. Pecuniary interest in the transaction. The rule stated in Subsection (1) applies only when the defendant has a pecuniary interest in the transaction in which the information is given. If he has no pecuniary interest and the information is given purely gratuitously, he is under no duty to exercise reasonable care and competence in giving it. The situation is analogous to that of one who gratuitously lends or otherwise supplies a chattel, whose duty is only to disclose any facts he knows that may make it unsafe for use.”
It is clear from a reading of the Restatement and the Comments quoted above, that even if we were to hold these statements of the law apply in Louisiana, the plaintiffs have not stated a cause of action. The comment clearly states that the rule applies “only when the defendant has a pecuniary interest in the transaction in which the information is given. If he has no pecuniary interest and the information is given purely gratuitously, he is under no duty to exercise reasonable care and *1111 competence in giving it.” In the present case, the School Board had no pecuniary interest in furnishing to plaintiffs the correct name of the manufacturer of the steamer. Actually, an argument can be made that it would be against the pecuniary interest of the School Board to furnish the wrong information because this would affect the right of their workmen’s compensation insurer to secure reimbursement from the tort feasor. The information was given by the School Board gratuitously. Hence, even under the rule as set forth in the Restatement, plaintiffs have not alleged a cause of action.
Plaintiffs cite a number of cases from other jurisdictions which have allowed recovery for negligent misrepresentation. Without discussing these decisions in detail, it appears that the great majority dealt with situations where the defendant was a party to the transaction, or was in the business of furnishing information for a fee.
Plaintiffs also argue that the letter written by Mrs. Sybil T. Jones is similar to a stipulation pour autri. They say that the Board’s workmen’s compensation policy would place a duty on the Board to protect the interest of the insurer, in the event of an intervention for the recovery of workmen’s compensation paid. Plaintiffs argue that in this sense the entire policy is likened to a stipulation pour autri. We are unable to follow this line of reasoning. Although the giving of the correct name may ultimately have benefited the compensation insurer, this has no connection with any benefit to the injured employee. Actually, if the workmen’s compensation insurer intervenes and obtains judgment for a large portion of the damages recovered by the plaintiff, this would cause a loss to the plaintiff.
Plaintiffs also argue the good Samaritan rule. They say that even if the School Board had no duty to furnish the correct information, it undertook to do so and, therefore, should have used reasonable care. We find no merit to this argument. In the first place, good Samaritan cases deal with defendants who voluntarily performed activities of some type. We find no good Samaritan case dealing with the furnishing of information. As is inferred from the above quoted portions of the Restatement of Torts, other states have not applied the good Samaritan rule to the furnishing of information, where there was no pecuniary interest.
As a matter of public policy, we think it would be unwise to impose upon persons who gratuitously furnish erroneous information, liability for any damages which may result. It is obvious that prospective witnesses and others would be reluctant to cooperate with investigators and attorneys for fear of being held liable if the information they give is found to be incorrect. Essentially, this is the rationale of the Restatement provisions quoted above.
No Louisiana case has yet recognized a cause of action for “negligent misrepresentation” as set forth in the above quoted portions of the Restatement of the Law of Torts. We wish to make it clear that we do not in this case adopt such a rule. However, even if such a rule did exist in Louisiana jurisprudence, the plaintiffs have not alleged a cause of action.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiffs-appellants.
AFFIRMED.