407 So.2d 516 (1981)
George HOFFMAN
v.
SABRE MARINE, INC., William H. Critchfield, Harold M. Hunt, Jr., & Fun Unlimited, Inc.
No. 12710.
Court of Appeal of Louisiana, Fourth Circuit.
December 1, 1981.
Kenneth J. Berke, A Professional Law Corp., New Orleans, for defendant-appellee Fun Unlimited, Inc.
Albert S. Dittmann, Jr., Kronlage, Dittmann & Maselli, New Orleans, for plaintiff-appellant.
Before REDMANN, SCHOTT and KLEES, JJ.
SCHOTT, Judge.
This is a suit for redhibition and damages by plaintiff George Hoffman against Sabre Marine, Inc. (Sabre), William H. Critchfield, Harold M. Hunt, Jr., and Fun Limited, Inc. (Fun), growing out of a sale of a boat to plaintiff. The trial court granted Fun's motion for summary judgment dismissing plaintiff's suit against Fun and plaintiff has appealed. The issue is whether Fun's relationship to Sabre and its involvement with plaintiff prior to the purchase of the boat were sufficient to provide plaintiff with a case against Fun under C.C. Arts. 2315 and *517 2316 based on negligent misrepresentation and fraud. The pleadings, affidavits and deposition of plaintiff established the following facts:
1. In March, 1980, plaintiff attended a boat show in New Orleans where he became interested in purchasing a commercial vessel known as a "Critchfield 33" on display at the show.
2. Such vessel was manufactured by Sabre whose exclusive agent and dealer for new boats in New Orleans was Fun.
3. Plaintiff had received at the boat show a brochure picturing and describing the "Critchfield 33," which brochure stated that the boat would speed in excess of 30 miles per hour and which identified Fun as Sabre's exclusive New Orleans dealer.
4. At the boat show plaintiff was first shown the boat by Hunt, an officer of Sabre.
5. A few days later plaintiff returned to the show to look at the boat again and he met Fun's general manager, David Strickland, who first stated that he didn't know much about the boat but who did hand him another copy of the brochure and showed him around the boat, offering to "tell you all the good features about it." While on the tour of the boat Strickland told plaintiff that this was Sabre's "number one boat and he was the dealership for Sabre Marine and any problems that I got, he would take care of them."
6. In April, 1980, plaintiff went to Florida where he purchased a "Critchfield 33" from Hunt and Critchfield, both officers of Sabre. The boat was a "demonstrator" which had been used for 52 hours.
7. Before his purchase plaintiff was taken for a ride in the boat but it was never operated at top speed because of the problem of "wake" in the small canals where it was operated, but Hunt and Critchfield assured plaintiff that it would go 30 miles per hour with no problem.
8. Fun was in no way involved in the sale itself, had no interest in the boat sold, and got no commission on the sale.
9. The boat was shipped from Florida to Fun's yard in New Orleans where plaintiff took delivery and paid the $31,000 purchase price with a check payable to Hunt and Critchfield.
10. One of the principal reasons for plaintiff's purchasing the boat was his belief that it would speed at 30 miles per hour, but he learned later that it could not travel over 19 miles per hour.
In granting Fun's motion for summary judgment the trial court stated there was no duty owed by Fun to plaintiff because of the absence of a showing of pecuniary interest on Fun's part. The court cited Restatement (Second) Torts, Sec. 552, and Devore v. Hobart Mfg. Co., 367 So.2d 836 (La.1979).
In this court plaintiff assigns error in the trial court's concluding 1) no duty to exercise reasonable care to supply correct information was owed plaintiff by defendant absent a showing of pecuniary interest on defendant's part in the sale of the boat; 2) no genuine issue of material fact existed as to whether defendant had a pecuniary interest in the sale of the boat; and 3) no genuine issue of material fact existed with respect to plaintiff's allegations of fraud.
Restatement (Second) Torts, Sec. 552, provides:
"(1) One who, in the course of his business, profession or employment or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."
*518 Comment d. provides:
"The defendant's pecuniary interest in supplying the information will normally lie in a consideration paid to him for it or paid in a transaction in the course of and as a part of which it is supplied. It may, however, be of a more indirect character. Thus the officers of a corporation although they receive no personal consideration for giving information concerning its affairs, may have a pecuniary interest in its transactions since they stand to profit indirectly from them and an agent who expects to receive a commission on a sale may have such an interest in it although he sells nothing."
In Devore v. Hobart Mfg. Co., supra, plaintiff had been injured while on the job with the school board, when boiling water spewed from a steamer. In response to a letter from her attorney the board's food service director advised that the manufacturer of the steamer was Cleveland Manufacturing Company. Suit was filed against that entity but it was later (after prescription date) learned that the manufacturer was Cleveland Range Company. A supplemental petition against that entity was dismissed on prescription and plaintiff sued the board and its food service director.
The trial court dismissed the suit and the Court of Appeal affirmed on the basis that, assuming the theory of negligent misrepresentation to provide a cause of action to plaintiff, her suit was properly dismissed because the defendants had no pecuniary interest in the incident where the manufacturer was mis-identified. 359 So.2d 1108 (La.App. 3rd Cir. 1978). Affirming on other grounds, the Supreme Court said at page 839:
"We are in agreement with the trial and intermediate appellate courts' conclusions set forth in White v. Lamar Realty, Inc., 303 So.2d 598 (La.App. 2nd Cir. 1974) that Civil Code articles 2315 and 2316. `... afford a broad ambit of protection for persons damaged by intentional and negligent acts of others ...' sufficient to encompass a cause of action for negligent misrepresentation. However, we are not required in the resolution of this case to determine fully the extent to which and the conditions under which our law affords a cause of action for such a tort. We find it sufficient to conclude that here plaintiff has not stated a cause of action against defendants."
The court concluded that the board had no duty to supply plaintiff with correct information.
Appellant argues that the Supreme Court declined to adopt the restatement principle of pecuniary interest so that it has no application. We disagree. The Supreme Court simply did not reach the question because it was unnecessary to do so. That is not the equivalent of abrogating or repudiating the principle. It seems only logical to hold that Fun must have some interest in plaintiff's purchase of the boat from Hunt and Critchfield in order to become liable to plaintiff for damages he incurred from his purchase.
Next, plaintiff argues that there are genuine issues as to the material fact of Fun's pecuniary interest in the boat sale, but we see none. Fun had the franchise for new boat sales from Sabre in New Orleans. Plaintiff went to Florida to buy a used boat from Sabre's officers. The fact that Fun may, in the future, be able to provide equipment, parts and service to plaintiff does not mean that Fun had a financial interest in the transaction out of which this suit arose.
Finally, plaintiff contends that there are issues of material fact with respect to his allegation of fraud against Fun. Pretermitting the question of whether plaintiff's petition was sufficient to allege fraud with the particularity required, plaintiff's own deposition implicates Fun only to the extent that its manager showed him around the boat and gave him a brochure after the preface that he, the manager, "didn't know much about the boat." This is scarcely the kind of an introduction for a fraudulent misrepresentation on which plaintiff relied when he bought the boat. Rather, it is clear from the deposition that plaintiff did not rely on the brochure or Fun's manager at all. Instead, he went to Florida where he was taken for a ride in the boat by Hunt *519 and was told by him and Critchfield that it would easily and properly go 30 miles per hour.
We have concluded that the summary judgment was properly granted and it is affirmed.
AFFIRMED.