429 So.2d 466 (1983)
Stan DOUSSON D/B/A Lake Forest Shell Service Station
v.
SOUTH CENTRAL BELL.
No. CA-0358.
Court of Appeal of Louisiana, Fourth Circuit.
March 4, 1983.
Rehearing Denied April 27, 1983.
*467 John H. Brooks, Gretna, for plaintiff-appellee.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Harry S. Hardin, III, Michael L. Williams, New Orleans, for defendant-appellant.
Before BYRNES, CIACCIO and LOBRANO, JJ.
BYRNES, Judge.
In this case South Central Bell, appellant, seeks reversal of a judgment in the district court awarding Stan Dousson, appellee, $5,000.00 as damages resulting from the failure of the appellant to assign him a certain phone number. We affirm in part and reverse in part.
The facts leading to this appeal are as follows: In late 1974 appellee, Stan Dousson, began negotiations to acquire the Lake Forest Shell Service Station in New Orleans. In connection with the negotiations Dousson contacted the appellant, South Central Bell, to ascertain if it would be possible for him to retain the same phone number already listed for the station. A customer service representative, employed by appellant, informed him that there would be no problem obtaining the number, provided he placed a deposit with the company before June of 1975.
Relying on this information, appellee proceeded to complete the purchase of the station and took over operations on April 21, 1975. On April 22, 1975 he purchased various promotional products advertising the station and listing the old phone number. On April 23, 1975 he attempted to tender the deposit he had been told was required to retain the old phone number but was advised for the first time that he could not keep that number unless he assumed responsibility for outstanding charges owed by the former owner for a listing in the yellow pages. Mr. Dousson refused to assume those charges, which amounted to $2,000.00, but made it known to the phone company on several occasions that funds were available to pay those charges in an escrow account created pursuant to the Louisiana Bulk Sales Act under which the sale of the station had been passed. When the company still refused to allow the appellee to assume the old number he brought this action to recover the cost of promotional materials already purchased, lost business and the aggravation and inconvenience which South Central Bell's negligence had caused him. The trial court, after hearing all the evidence, reached the following conclusions:
"The Court believes the testimony of the plaintiff, Stan Dousson, that he:
1) Purchased the "Lake Forest Shell Service Station" from BILL DWYER Believing that he would enjoy the "economic benefit" of the old telephone no. 242-7516, which said number was the principal operations number of his predecessor in ownership.
2) Would derive economic benefit from the use of said telephone number, including but not limited to: a) the expectation that customers of Dwyer would call him for two-truck services, battery and tire services, etc.; b) *468 Dwyer customers who would refer relatives, friends or neighbors to the number that they were accustomed to using; c) such benefits as are possible because of the aura of having a business with telephone number that is well established.

3) Personally called at the Business Office of South Central Bell and that he was assured that he would be assigned the number 242-7516.
We have reviewed the record in this matter and cannot say that the trial judge was manifestly erroneous in reaching those conclusions. Absent manifest error, factual determinations of the trial judge, based on an evaluation of the credibility of witnesses and the weight of evidence, will not be disturbed on appeal. Arceneaux v. Dominque, 365 So.2d 716, 1330 (La.1978) Canter v. Koehring, 283 So.2d 716 (La.1973).

LIABILITY
Appellee based his suit on allegations of negligence and we analyze this appeal from that stand point. Louisiana jurisprudence has recognized that the common law tort of negligent misrepresentation is encompassed within the broad language of C.C. Articles 2315 and 2316. Devore v. Hobart Mfg. Co., 367 So.2d 836 (La.1979) Hoffman v. Sabre Marine Inc., 407 So.2d 516 (La.App. 4th Cir.1981). Our courts have adopted the definition of negligent misrepresentation set forth in the Restatement (2nd) of Torts which states, at Section 552:
"(1) One who, in the course of his business, profession or employment or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."
For the appellee to prevail under this theory it must first be established that South Central Bell owed a legal duty to him to provide correct information when he sought to obtain service. We feel the circumstances of this case establish such a duty. Mr. Dousson testified that when he first spoke to the customer service representative of the phone company he told her he was buying the station and wanted to keep the same phone number. Given this knowledge, the company, through its representative, had a duty to exercise reasonable care in informing Mr. Dousson of the steps necessary to accomplish his request.
Next it must be established that the appellant had a pecuniary interest in the transaction which disseminated the misleading information. This interest need not be direct or immediate. "The fact that the information is given in the course of the defendant's business, profession, or employment is a sufficient indication that he has a pecuniary interest in it even though he receives no consideration for it at the time." Restatement 2nd Torts, Section 522 comment d. We have no trouble concluding that the appellant, South Central Bell, had a sufficient pecuniary interest in the information given to bring this case within the ambit of their duty to correctly inform customers of the terms under which service may be obtained.
There is ample evidence of the appellee's detrimental reliance on the appellant's misrepresentations in his purchase of promotional materials listing the old phone number. It was only because of appellant's representation that appellee listed this number on his promotional material. Thus we conclude that the appellee established his right to recover for the negligent misrepresentation of the appellant.

DAMAGES
The question then becomes what is the measure of damages. The trial judge awarded a total of $5,000.00. Of that amount $4,000.00 was for mental anguish, $1,000.00 was for a portion of the appellee's out of pocket expenses incurred in purchasing promotional materials listing the old number. We have no trouble affirming *469 that part of the award intended to compensate appellee for only a portion of the cost of promotional materials. The trial judge correctly found that "... the advertisement expenses were not a total loss and therefore the plaintiff is not entitled to recover the full amount of his out of pocket expenses." Moreover, the trial judge was correct in concluding that the proof of lost profits offered by appellee was too speculative to support a judgment.
However, that portion of the judgment which awarded $4,000.00 in non-pecuniary damages for mental anguish is more troublesome. As stated previously this case was couched in terms of negligence not contract and it is from that view point that all questions, liability and quantum alike, will be analyzed.
There is ample evidence that Mr. Dousson was upset by the fact that he could not obtain the number that he requested. Mr. Dousson's testimony concerning this element of damages was corroborated by the testimony of Darnell Guidry, an employee of the appellant who appeared as a witness for the defense in the district court. However, there is no evidence that his anger and frustration manifested itself physically. This court has recognized that emotional injury is a separate element of damages for which recovery is available, even in the absence of physical injury, when a preponderance of the evidence establishes both the existence of such injury and its causal connection to the defendant's negligence. Chappetta v. Bowman Transportation Inc., 415 So.2d 1019 (La.App. 4th Cir.1982) Hymel v. Tom Alexander Brokerage Co., 350 So.2d 894 (La. 4th Cir.1977) writ denied. However, this mental suffering must be more than minimal worry and inconvenience over the consequences of the damage. Meyers v. Basso, 384 So.2d 794 (La.App. 1st Cir.1980), writ denied.
Applying these principles to the case at hand we conclude that the trial judge was correct in awarding damages for mental anguish but feel the amount awarded was excessive. There was no evidence that Mr. Dousson was physically affected by the anger and frustration he felt as a result of appellant's actions. Moreover, we feel that whatever mental stress he did suffer was not unusually severe. However, there is no doubt that he did in fact suffer some degree of mental anguish as a result of appellant's negligence. He was worried over the potential loss of business caused by appellant's actions, frustrated by his continued inability to obtain the number he was led to believe would be his, and angry over the inconvenience which the whole situation had caused him.
Under the circumstances of this case we feel an award of $1,000.00 would be adequate to compensate appellee for his mental stress. While we feel there was adequate proof of mental suffering we find that proof insufficient to justify a $4,000.00 judgment. Accordingly, we reduce that portion of the judgment awarding appellee $4,000.00 for mental suffering to $1,000.00 and affirm the judgment in all other respects.
All cost of this appeal are to borne by the appellant.
AFFIRMED IN PART REVERSED IN PART.
LOBRANO, Judge, concurring.
I concur with the conclusions reached by the majority on all issues except quantum. The trial court concluded that this businessman-plaintiff sustained mental anguish and aggrevation amounting to $4,000.00 because of appellant's failure to fulfill its promise. Although, as a trial judge I may have awarded differently, I see no manifest error in this award.