499 So.2d 1204 (1986)
Enid Faust Eckhardt, wife of Elroy W. ECKHARDT
v.
Elroy W. ECKHARDT.
Nos. 86-CA-358, 86-CA-360.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1986.
Writ Denied January 30, 1987.
Phillip R. Riegel, Jr., Parlongue and Riegel, New Orleans, for defendant-appellant.
James E. Stovall, Jackson and Stovall, New Orleans, for plaintiff-appellee.
GAUDIN, BOWES and GRISBAUM, JJ.
GRISBAUM, Judge.
This appeal relates to an alimony dispute involving an alimony-child support agreement that became a consent decree. We set aside and remand.
The litigants, Elroy W. Eckhardt (defendant-appellant) and Enid Faust Eckhardt (plaintiff-appellee), were married on September 12, 1970 and had two children, who were issue of the marriage, prior to their March 29, 1983 divorce. On the date of the divorce, the parties entered into a consent judgment concerning custody, visitation, child support, and spousal alimony. In mid-1985, the husband's corporation was placed into bankruptcy, after which he moved to reduce the alimony payments due under the agreement-judgment. This motion was denied by a judgment of the trial court dated September 4, 1985. Thereafter, on February 25, 1986, an additional judgment was rendered, basing its liquidation of past-due alimony on the December 4, 1985 judgment of nonmodifiability. From these judgments, the husband appeals.
We are called upon to determine two principal issues:
(1) Whether the trial court erred in finding that an alimony award cannot be judicially modified where a reduction is sought from a consent judgment establishing various alimony provisions beyond simple amount, and
(2) Whether the trial court erred in failing to find sufficient circumstances to justify a reduction of alimony.
In addressing the initial issue, the trial court, in its Reasons for Judgment, states:
Mover in rule urges the Court to consider this as a consent judgment which, ordinarily, can be modified if a change of circumstances is shown. However, this consent judgment was for a certain term and contains no language which would allow a modification because of the husband's loss of income.
. . . . .
... The parties have agreed that the consent judgment is nonambiguous and therefore not subject to interpretation.
Initially, we recognize the jurisprudential rules that a consent judgment is a *1205 bilateral contract wherein the parties adjust their differences by mutual consent, thereby putting an end to a lawsuit with each party balancing the hope of gain against the fear of loss (see La. C.C. art. 3071) and that a consent judgment is a determination of the right of the parties acquiring the authority of the thing adjudged (La. C.C. art. 3078). However, the Louisiana Supreme Court in Bernhardt v. Bernhardt, 283 So.2d 226, 228-29 (La. 1973) was faced with this issue and clearly stated that a consent judgment does constitute an award "previously fixed and determined" by the court and that, if the moving party proves a change in circumstances from the time of the consent decree to the rule in question, alimony reduction was warranted. Accordingly, modification is permissible. Consequently, we determine the trial court erred in finding that the consent decree was not subject to modification.
We now turn to decide whether the trial court erred in failing to find the requisite change of circumstances occurred for alimony reduction. Since the rendition of the consent decree, the record clearly reflects the husband's income has decreased from approximately $120,000 per year to about $1,500-$2,000 per month, which certainly appears significant and dictates a finding of a change of circumstances sufficient to warrant a reduction.
Finally, since the February 25, 1986 judgment makes no determination or finding as to circumstances but apparently bases its liquidation of past-due alimony on the December 4 judgment as to nonmodification, we, in light of our previous finding, set aside this judgment.
For the reasons assigned, the judgment of the trial court dated December 4, 1985 is set aside, and the judgment of February 25, 1986 is likewise set aside. This matter is remanded for a hearing to determine, consistently with the views expressed in this opinion, an appropriate alimony amount. All costs of this appeal are to be assessed against the appellee.
SET ASIDE AND REMANDED.