GARRISON, Judge.
The appellant, Louis Taylor, appeals the judgment of the trial court dated March 26, 1986 in which he was ordered to pay his former wife, Lurlene Taylor, permanent alimony of $2,306.00 per month beginning March 3, 1986. Prior to that judgment, Louis Taylor was paying Lurlene Taylor $1,600.00 per month in alimony pendente lite as well as the mortgage note on the Taylor’s former home in which Lurlene Taylor resided until shortly after March 3, 1986. A consent judgment was entered on March 3, 1986 partitioning the community property belonging to the two parties. In one item of that judgment, Lurlene Taylor transferred her interest in the community home to Louis Taylor for the consideration of $45,000.00, subject to an adjustment for past due alimony. Louis Taylor transferred to Lurlene Taylor all of his interest in the community life insurance policies, which have a total cash value exceeding $53,000.00. After these provisions and others divided all of the community property, Lurlene Taylor filed a rule to fix permanent alimony. Although Louis Taylor concedes that Lurlene Taylor is entitled to permanent alimony, he appeals the March 26, 1986 judgment urging that the permanent alimony award to Lurlene Taylor of $2,306.00 per month is excessive.
Louis & Lurlene Taylor were married in 1949 and were divorced in 1984. Louis Taylor is a river pilot and is an active member of the New Orleans-Baton Rouge Steamship Pilots Association from which he derived an income in 1985 of $73,308.38. Lurlene Taylor has not worked outside of the home since approximately 1952 when her first child was born. She has a 10th grade education and suffers from numerous health problems which preclude her from seeking employment.
At trial on the rule to fix permanent alimony, Lurlene Taylor presented an itemized list of her monthly expenses totalling $2,660.38. Louis Taylor disputed several of Lurlene Taylor’s expenses and argued that several items on her list were not allowable for purposes of permanent alimony. Furthermore, Louis Taylor claims that the maximum amount of alimony allowable under C.C. Art. 160, one-third of the income of the spouse at fault, is $2,036.34 (one-third of Louis Taylor’s annual salary of $73,308.38 divided by twelve months).
Mrs. Taylor alleges that Captain Taylor’s salary does not reflect his total income. She claims that his true income is higher due to non-cash compensation from the Pilot’s Association such as the Association’s payment of insurance premiums for Captain Taylor. Mrs. Taylor also urges that the income of Captain Taylor’s live-in girlfriend should be considered in determining his total income. This latter contention *100 is obviously without merit in that Captain Taylor and his girlfriend have not married and, therefore, have not established a community property regime which would entitle him to share in her earnings. As for the non-cash benefits received by Captain Taylor which are not reflected in his income, no monetary value was established for these benefits at trial. Therefore, even though the trial judge is vested with wide discretion in determining alimony awards, the award of $2,306.00 per month must be reduced because it exceeds one-third of Captain Taylor’s established income.
A review of the record in this case does support an alimony award of one-third of Captain Taylor’s income, or $2,036.34 per month. The acceptance or rejection of Mrs. Taylor’s claimed expenses was a proper credibility determination of the trial judge. Vorisek v. Vorisek, 423 So.2d 758 (La.App. 4th Cir.1982).
Therefore, for the reasons stated above, the alimony award payable to Mrs. Taylor by Captain Taylor is reduced to $2,036.34 per month.
AMENDED AND AFFIRMED.