519 So.2d 268 (1988)
Nancy Mattio, Wife of/and Joseph P. GILVIN
v.
METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY.
No. 87-CA-418.
Court of Appeal of Louisiana, Fifth Circuit.
January 11, 1988.
Edmund T. Wegener, Jr., Robert L. Rawls, Oster & Wegener, New Orleans, for plaintiffs/appellants.
Wendy E. Newlin, Porteous, Hainkel, Johnson & Sarpy, New Orleans, for defendant/appellee.
Before GRISBAUM, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
This case concerns cancellation of a homeowner's policy issued to the plaintiffs. Their suit seeking damages from the insurer was dismissed on an exception of no cause of action, which dismissal they appeal.
Metropolitan Property and Liability Insurance Company issued a homeowners insurance policy to Nancy and Joseph P. Gilvin covering their residence in Kenner, effective *269 June 28, 1986 until June 28, 1987. A sales representative had interviewed Mrs. Gilvin on May 22, 1986 and completed the application, although the application was dated June 14, 1986. On July 17, 1986 the company mailed notice of cancellation, effective August 19, 1986, to Mr. and Mrs. Gilvin, because of a loss in January, 1985, which had been disclosed in the application and two fire losses in December, 1985, which were not listed.
The plaintiffs allege in their petition that:

IV.
As a result of defendant's cancellation of plaintiffs' homeowners insurance, plaintiffs were forced to procure a substitute homeowners insurance for their dwelling with America First Insurance Company at an annual cost of $463.00 per year, said policy having been obtained on August 19, 1986 after numerous unsuccessful attempts to place their insurance with other companies.

V.
That defendants cancellation of this insurance was an abuse of their right to cancel upon appropriate notice in that there was no serious and legitimate interest in defendant's exercise of such a right.

VI.
That as a result of the abusive cancellation of their policy, plaintiffs suffered extreme emotional stress and mental anguish being concerned that they would be unable to secure insurance coverage for their home, for which stress and anguish plaintiffs claim damages in the amount of $25,000.00 each, and plaintiffs also aver that they are entitled to recover from defendant the estimated future excess cost of insurance coverage in the amount of $3,900.00.
The defendant filed a motion titled, "Exception of No Cause or Right of Action, or Alternatively, Motion for Summary Judgment," which was heard on March 2, 1987. Judgment in favor of Metropolitan was signed on April 14, 1987, maintaining the exception of no cause of action and dismissing the plaintiffs' suit.
The procedural waters are muddied somewhat by the defendant's use of a single pleading for both an exception of no cause of action and a motion for summary judgment. In the judgment the trial judge recites, "considering the law and evidence to be in favor of defendant," and in his reasons for judgment he states:
Considering the defendant's exception of no cause of action, the Court is of the opinion that the weight of the evidence is in favor of the defendant....
Apparently the judge did not confine his attention to the petition but considered the documents submitted in support of and in opposition to the motion for summary judgment. Although evidence is not admissible to support or oppose an exception of no cause of action, the court may consider evidence which has been admitted without objection on grounds that the pleadings have been enlarged. Lemieux v. Prudential Ins. Co., 416 So.2d 1347 (La.App. 1st Cir.1982), and cases cited therein.
Accordingly, we consider the only issue before us, whether the petition and documents set forth a cause of action.
An exception of no cause of action calls into question whether any remedy is afforded by law for the particular grievance set forth by the plaintiff. Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985). The plaintiffs allege that the insurer's cancellation amounted to a tort, an abuse of right, for which they are entitled to damages for mental anguish and the increased cost of the insurance they secured.
The doctrine of abuse of right has been invoked by Louisiana courts sparingly and generally in the context of an unconscionable exercise of a power, with or without intent to harm. As stated in Morse v. J. Ray McDermott & Co., Inc., 344 So.2d 1353 (La.1977), at 1369:
... The exercise of a right ... without legitimate and serious interest, even *270 where there is neither alleged nor proved an intent to harm, constitutes an abuse of right which courts should not countenance. [Citations omitted.]
Mrs. Gilvin's affidavit states that she disclosed the two allegedly unlisted claims and believed the agent had written them on the application; therefore, the insurer had no reason to cancel the policy. The company, on the other hand, maintains that it was not informed of the losses until its "call-out unit" called Mr. and Mrs. Gilvin in early July, after which the company decided to cancel and sent the statutorily required notice to the appellants, stating the reason to be the listed and unlisted losses, "because the premium rate for their coverage was based on `certain standards and expectations as to the characteristics of the risks Metropolitan Property & Liability Insurance Company will insure.'" (Affidavit of Gay Salinas, Department Secretary, Tulsa Metropolitan Property & Liability Insurance Company Office.) In Illinois Cent. R. Co. v. International Harvester, 368 So. 2d 1009 (La.1979), involving the plaintiff's exercise of its right to withhold permission to sublease and change use, the court held the plaintiff's action was not an abuse of right but an expressed attempt to negotiate cancellation of the defendant's lease and was based on a serious and legitimate motive. Although a trial of the matter before us might prove otherwise, the facts alleged in the petition suggest nothing more than a legitimate business reason for the cancellation.
We determine also that there is not a remedy at law for the emotional stress and mental anguish alleged by the appellants, even if we had found that the insured's action was an abuse of right.
The courts have recognized damages for mental anguish to persons who witness an accident and experience a psychic trauma as a result of the incident. Factors considered in these cases have been the extent and duration of the distress, whether the plaintiff incurred residual psychic or physical injuries from the distress, and whether he sought medical help. Meyers v. Basso, 381 So.2d 843 (La.App. 1st Cir.1980), writ denied 384 So.2d 794 (La.1980). Misrepresentations by a company have given rise to damages for mental anguish, but the mental suffering must be more than minimal worry and inconvenience over the consequences of the damage. Dousson v. South Central Bell, 429 So.2d 466 (La.App. 4th Cir.1983).
Anguish over damage to property has also been recognized as compensable, but again it must be shown to be severe and similar to a physical injury. The court in Thompson v. Simmons, 499 So.2d 517 (La. App. 2nd Cir.1986) writ denied 501 So.2d 772 (La.1987), explained at 520:
Every incident of property damage is necessarily accompanied by some degree of worry and consternation over such things as possible financial loss, settlement of insurance claims, and discomfort or inconvenience while awaiting and undergoing the repair. The owner of the damaged property may not recover for mental anguish unless he or she proves a psychic trauma in the nature of or similar to a physical injury, directly resulting from the property damage. See Elston v. Valley Electric Membership Corporation, 381 So.2d 554 (La.App. 2d Cir. 1980) and cases cited therein.
Damages were denied in that case even though the plaintiffs had endured weeks of damage to her roof and rain coming in her bedroom.
Our review has revealed no cases in which cancellation of an insurance policy under the facts alleged by the plaintiffs has given rise to damages. They admit that they secured other insurance before the effective date of cancellation, within a month. They make no specific allegations as to the manifestations or duration of distress, or anything to suggest that their concern was anything more than minimal worry and inconvenience. The only case remotely similar is one in contract, where a couple found a redhibitory defect in a home which they had agreed to purchase. The court there denied non-pecuniary damages, stating that, "There is no authority to award damages claimed by plaintiff for loss of ability to acquire other property, *271 mental anguish, or attorney's fees." Sigsworth v. Gernon, 465 So.2d 705 (La.1985), at 707.
For the reasons assigned above, the case appealed from is affirmed.
AFFIRMED.