616 So.2d 221 (1993)
Joette W. ELLEFSON, Plaintiff/Appellee,
v.
Vance Edward ELLEFSON, Defendant/Appellant.
No. 92-CA-963.
Court of Appeal of Louisiana, Fifth Circuit.
March 17, 1993.
Rehearing Denied April 19, 1993.
Writ Denied May 21, 1993.
*222 Theon A. Wilson, New Orleans, for plaintiff/appellee.
J. William Starr and Marion Edwards, Gretna, for defendant/appellant.
Before GRISBAUM, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
This matter arises out of a motion for reduction of child support and alimony filed in the trial court by defendant, Vance Ellefson. Exceptions of no cause of action to both reduction pleas were filed by plaintiff Joette Ellefson. The trial court maintained the exception as to the motion to reduce alimony, dismissing the defendant's claim as to that issue, but denied the exception as to the request for reduction of child support. Both parties have filed an appeal. We affirm the judgment as to both appeals.
As part of the divorce decree rendered on April 26, 1991, the parties entered into a consent judgment on child support and alimony. The judgment provided for child support "for the minor child, or children of the marriage in the full and true sum of $2,500.00 per month," extending through June 30, 1995. The following restriction was included: "[T]his contractual amount of child support is not subject to increase or decrease for any reason whatsoever." Mr. Ellefson was granted the income tax exemptions for the children beginning with the 1991 tax year.
Permanent periodic alimony of $6,000.00 per month for twenty years was provided for Mrs. Ellefson, again with the condition that the alimony "is not subject to increase or decrease for any reason whatsoever."
In addition, the agreement provided that Ellefson furnish life insurance on himself amounting to $800,000 with his ex-wife and three children as irrevocable beneficiaries. There were other stipulations regarding medical insurance and payment of unreimbursed medical and dental expenses for Mrs. Ellefson and for the children "through completion of their undergraduate studies," and automobile insurance for the children through college graduation.
In his reasons for judgment the trial judge stated that "the law of transaction or compromise is controlling with regard to the issue of alimony" and the consent judgment cannot be modified as to alimony; however, he found that "regardless of language to the contrary child support judgments are always subject to modification following a showing of a change of circumstances," and that the restriction as to modifying child support is contrary to public policy and unenforceable. We shall consider the two appeals separately.
Exception of No Cause of Action
La.C.C.P. art. 931 provides, in pertinent part, "No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action." Mrs. Ellefson attached to her exception a copy of the consent judgment in question, contrary to the rule of article 931. However, at trial counsel for Mr. Ellefson failed to object to the document's being considered by the court.
In City Nat. Bank of Baton Rouge v. Brown, 599 So.2d 787, 789 (La.App. 1st Cir.1992), writ denied 604 So.2d 999 (La.1992), in a similar factual situation the court held that:
[E]vidence may be properly considered by the court in ruling on an exception of no cause of action where evidence is admitted without objection. In those instances, the pleadings are considered to have been enlarged. Hartman Ent. v. Ascension-St. James, 582 So.2d 198, 202 (note 2) (La.App. 1st Cir.), writ denied, *223 582 So.2d 195 (La.1991); Jordan v. Sweeney, 467 So.2d 569 (La.App. 1st Cir.), writ denied, 469 So.2d 985 (La.1985).
See also Gilvin v. Metro. Prop. & Liability Ins., 519 So.2d 268 (La.App. 5th Cir.1988).
As there was no objection to the evidence, we deem the pleadings in this case to have been enlarged.
Alimony
In appealing the judgment as it relates to alimony, Ellefson raises the following issues: 1) whether a consent judgment for payment of alimony with non-modification clauses may be modified when the amount payable exceeds the maximum amount legally payable under the law, due to a change in circumstances; 2) whether the clauses not covered by the non-modification language may be changed; and 3) whether the mover should have been granted leave to amend under La.C.C.P. art. 934 to allege that the judgment was in derogation of law.
Ellefson's primary argument is that, since his salary has been reduced, the alimony of $6,000 per month exceeds the limitation (to one-third of a spouse's income) in LSA-C.C. art. 112 (formerly art. 160). He maintains that because the contractual alimony exceeds the limit it is in derogation of the law and forbidden. LSA-C.C. art. 7.
The court in its reasons for judgment refers to Romero v. Romero, 509 So.2d 681 (La.App. 3rd Cir.1987), writ not considered 512 So.2d 427 (La.1987). In that case the former husband sought to terminate alimony, which he had contracted to pay until the ex-wife's death or remarriage, because she had entered into open concubinage. He alleged that because concubinage was contra bonos mores and article 160 (presently article 112) provided for termination when it occurred, the contract was no longer enforceable. The court held that the contract was lawful and binding, having a lawful cause, namely payment of alimony after divorce, and was the law between the parties under LSA-C.C. art. 1983.
Ellefson cites Taylor v. Taylor, 505 So.2d 98 (La.App. 4th Cir.1987) for the principle that the law restricts alimony to one-third of the payor's income. This case is inapposite because permanent alimony was not included in the consent judgment that was ordered by the court. Middleton v. Middleton, 535 So.2d 466 (La.App. 5th Cir.1988), also cited by Ellefson, did not involve contractual alimony.
Our research has failed to reveal any jurisprudence restricting the right of a spouse to contract to pay more alimony than that allowed under a court judgment. Consequently, we find that the alimony agreement in this case is not in derogation of public law.
This court has upheld consent agreements with language restricting the right to seek an increase or decrease of alimony. In Jones v. Jones, 459 So.2d 1200 (La.App. 5th Cir.1984), writ denied 462 So.2d 649 (La.1985), it held enforceable a consent agreement whereby the husband agreed to pay a set amount of alimony until the wife's remarriage and she renounced her right to seek an increase for any reason whatsoever, including illness, loss of income, and/or inflation. In Klein v. Klein, 485 So.2d 970 (La.App. 5th Cir.1986) this court held that alimony, provided for in a consent judgment rendered when the couple separated, would remain in force after divorce even though the parties were held to be mutually at fault. The agreement had stipulated payments were to be made by the husband until the partition of the community.
We are mindful of the Supreme Court holding in Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973), that a consent judgment was modifiable upon a sufficient showing of a change of circumstances. This court followed the Bernhardt rule in Eckhardt v. Eckhardt, 499 So.2d 1204 (La.App. 5th Cir.1986), writ denied 501 So.2d 213 (La.1987). Those cases are distinguishable from the one before us because the agreements in question did not contain specific prohibitions against modification.
Ellefson complains that the court should have allowed him to amend his motion to allege derogation of the law. We note that the trial judge, in his reasons for judgment, stated that:

*224 ... In Romero, [supra] the court found that a contract between husband and wife involving the payment of alimony was not contra bonos mores.... The same is true in the case at hand....
It would serve no useful purpose for the appellant to amend his petition, as his argument has already been considered by the court. We find no error in the court's decision as to the issue of reduction of alimony.
Child Support
Ellefson filed a motion to dismiss Mrs. Ellefson's appeal of the court's denial of her exception of no cause of action as it pertains to reduction of child support. That portion of the judgment is interlocutory and not appealable. However, a final judgment was rendered when the trial court granted the exception as to the claim of alimony. Although an interlocutory judgment may itself not be appealable, it is nevertheless subject to review by an appellate court when an appealable judgment is rendered in the case. Firemen's Pension and Relief Fund v. Boyer, 420 So.2d 1323 (La.App. 3rd Cir.1982). Mrs. Ellefson's appeal is incidental to the appeal from the final judgment. In the interest of judicial economy and the avoidance of fragmented appeals, we have considered it and deny the motion to dismiss appeal filed by Vance Ellefson.
Mrs. Ellefson's position is that the trial judge erred in relying on Lacassagne v. Lacassagne, 430 So.2d 818 (La.App. 5th Cir.1983), for the principle that regardless of language to the contrary, child support judgments are always subject to modification where a change of circumstances has been shown. She argues that the child support provision of the consent judgment in her case is not modifiable because of its limiting language and that the court should have enforced the consent agreement, as in Hogan v. Hogan, 465 So.2d 73 (La.App. 5th Cir.1985), writ denied 468 So.2d 1207 (La.1985). In Hogan, the father sought to reduce child support which had been agreed to in a consent agreement. He agreed to continue to pay child support and expenses for twelve years from the date of judgment except in the event of severe financial reverses and regardless of the fact that during the twelve years the children would have reached majority. The court explained its rationale for enforcing the agreement, as follows at 75:
... [G]enerally agreements relating to child support are not enforceable where the agreement seeks to limit or restrict the right of the children to support and maintenance as circumstances dictate.
In Lacassagne v. Lacassagne, 430 So.2d 818 (La.App. 5th Cir.1983), this court refused to give effect to an agreement by the parties which specified a fixed amount to remain unchanged until the majority of the child. We stated there that:
"The support payment provided by the contract is contrary to the minor's interest and serves only to frustrate the ultimate goal of support and is therefore unenforceable because the agreement denies modification." At page 821.
On the other hand, agreements meeting the requirements of conventional obligations and which are not adverse to the purpose and intent of child support have been held enforceable. Davis v. Davis, 405 So.2d 594 (La.App. 3d Cir.1981), writ den. 409 So.2d 659 (La.1982); Dubroc v. Dubroc, 388 So.2d 377 (La.1980).
The court found that the Hogan agreement did not act to deprive or limit the children's rights, but acted to create greater rights than provided them by law and should be upheld.
In the Ellefson judgment, child support payments were promised "for the minor child, or children of the marriage ... through June 30, 1995...." The agreement does not create greater rights than provided by law and sets a time limit that may well not carry the youngest child to majority.
As child support judgments are generally modifiable regardless of language in most cases, we find no reason to overturn the *225 court's denial of Mrs. Ellefson's exception of no cause of action.
Items Other Than Alimony And Child Support
Ellefson finally argues that items of the agreement other than monthly child support payments (life insurance, medical expenses, etc.) are not covered by the prohibition against change and should be reduced.
The Motion for Reduction in Child Support and Alimony refers only to child support and alimony. Consequently, the exception of no cause of action addressed those two issues only. The judgment of the trial court did not allude to any other provisions of the consent judgment and the scope of this appeal cannot be enlarged to include them.
For the reasons assigned above, the judgment appealed from is affirmed.
AFFIRMED.