642 So.2d 885 (1994)
Dr. John W. MEGISON
v.
Mary Elizabeth Monteleone, Wife of Dr. John W. MEGISON.
No. 94-CA-152.
Court of Appeal of Louisiana, Fifth Circuit.
September 14, 1994.
Rehearing Denied October 17, 1994.
*886 Robert G. Creely, Amato & Creely, Gretna, for plaintiff/appellant Dr. John W. Megison.
Robert C. Lowe, David M. Prados, New Orleans, for defendant/appellee Mary Elizabeth Monteleone.
Before KLIEBERT, GRISBAUM and CANNELLA, JJ.
CANNELLA, Judge.
Plaintiff, John W. Megison, appeals from a trial court judgment in favor of defendant, Mary Elizabeth Monteleone, sustaining her Exceptions Of Failure To State A Cause of Action, Res Judicata and Improper Use of Summary Procedure and dismissing his Rule for Child Support, Reduction of Alimony And Reformation Or Termination Of Judgment. For the reasons which follow, we affirm in part, reverse in part and remand.
The parties were married on November 14, 1970. Three children were born of the marriage. The parties separated in 1986 and a petition for divorce was filed in 1988. On March 22, 1988 a judgment of divorce was rendered. A community property settlement was confected and a consent judgment was entered regarding child custody, alimony and child support. In the consent judgment, appellee was decreed to be free from fault. The parties agreed on joint custody of the three children, with appellant being named parent in residence of two of the children and appellee being named parent in residence of the third child. The consent judgment made the following provision for alimony and/or child support:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Dr. John W. Megison shall pay support for the defendant wife and minor child, Mary Elizabeth Megison, in the sum of SEVEN THOUSAND AND NO/100 ($7,000.00) DOLLARS per month as alimony commencing on the first day of March, 1988, said sum to continue until the death or remarriage of Mary Elizabeth Monteleone *887 Megison or until a final finding that she is guilty of living in open concubinage as that term is used in LCC art. 160. These are the only termination or modification events. However, in the event that Dr. Megison's salary falls below $20,000.00 gross per month and $15,000.00 net after tax income per month, then and in that event Dr. Megison will pay the defendant one-half (½) of his net after tax income per month, with the monthly shortfall between $7,000.00 and the reduced amount to be made up at the end of the year out of bonuses or other funds from his employment if existing.
The consent agreement further provided that appellant would maintain medical insurance and would pay directly all school tuition and activity fees for all three children. Finally, the consent agreement provided:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Dr. John W. Megison agrees to pay to Mary Elizabeth Monteleone Megison one-half (½) of any after tax salary increases over his present salary of $20,000.00 per month gross and one-half of the after tax amount of any and all bonuses received by Dr. Megison. Further, that Dr. Megison will pay to his said ex-wife one-half of the after tax value or any perquisites received by Dr. Megison in the future if the perquisites are received in lieu of bonuses or if Dr. Megison's bonuses are reduced by such perquisites. The accounting for and payment for these items is to take place at the end of each calendar year, and in no event later than January 31, of each and every ensuing year.
The present controversy began on September 23, 1992, when appellant filed a Rule For Child Support, Reduction Of Alimony And Reformation Or Termination of Judgment. In effect, he is seeking a reduction in the amount of money he has to pay appellee under the 1988 consent agreement by arguing variously that it should be reduced, terminated or reformed and that she owes him child support for the minor children that reside with him. Appellee responded with Exceptions Of Failure To State A Cause of Action, Res Judicata and Improper Use of Summary Procedure. Ultimately, by judgment dated December 16, 1993, the trial court granted appellee's objections and dismissed appellant's rule. Appellant appeals.
Appellant argues that the trial court erred in granting the exceptions and dismissing his rule because child support judgments, whether by consent or considered decree, are always subject to modification upon a showing of a change of circumstances. He argues that he alleged a change of circumstances in his petition and, therefore, the trial court erred in granting appellee's exceptions and dismissing his rule.
Appellee, on the other hand, argues that the consent judgment provides for the payment of alimony and, by the terms of the consent agreement, is not modifiable unless she remarries or lives in open concubinage, neither of which was alleged in appellant's rule. Appellant's allegations concerning a reduction in his income are insufficient to justify a change in the consent judgment because the consent judgment itself provides for that eventuality with applicable reduction provisions. Therefore, appellee argues that the consent judgment is not modifiable and the no cause of action and res judicata exceptions were properly maintained. Also, the exception of improper use of summary proceedings was properly granted because any arguments regarding the nullity of the consent judgment must be brought by ordinary proceedings.
Initially, we note that this case is somewhat confusing because the trial judge, without reasons, rendered judgment granting appellee's three exceptions and dismissing appellant's rule completely. Since appellant asserted several different claims in his rule, all exceptions did not relate to all claims and sustaining one exception did not necessarily require dismissal of appellant's entire action. So it is with appellee's exception to appellant's use of summary proceedings. The exception was properly granted as to appellant's claim of nullity of the consent judgment. In fact, appellant has in brief abandoned any arguments regarding the nullity of the consent agreement. Accordingly, the ruling by the trial court on this exception will be affirmed as it relates to the nullity claim. *888 However, that does not necessarily dismiss appellant's entire rule. Therefore, we find that, as to appellant's other claims concerning alimony and child support, appellee's exception to the use of summary proceedings was not applicable since these matters are properly revised by rule, and the granting of the exception regarding nullity of the consent judgment had no effect on these remaining claims.
As to the claims concerning alimony and child support, the controversy centers on the fact that the consent judgment provided that appellant "shall pay support for the defendant wife and minor child, Mary Elizabeth Megison, in the sum of SEVEN THOUSAND AND NO/100 ($7,000.00) DOLLARS per month as alimony ..." In other words, it provided for an in-globo award of $7,000 per month for child support and spousal alimony. The law applicable to consent judgments in these respective areas differs significantly, prompting the divergent arguments before us in this case.
Generally, spousal alimony is limited to not more than one-third of the obligor spouse's income, is modifiable if the circumstances change and terminates if unnecessary or the obligee spouse remarries or enters open concubinage. La.C.C. art. 112. However, it is well settled that an agreement entered into between the parties that restricts their statutorily provided rights to modify the spousal alimony award, a non-modification clause, will be upheld and enforced by the courts. Ellefson v. Ellefson, 616 So.2d 221 (La.App. 5th Cir.1993); Stream v. Stream, 614 So.2d 141 (La.App. 3rd Cir.1993); Favret v. Favret, 527 So.2d 463 (La.App. 5th Cir.1988), writs denied, 532 So.2d 114 (La.1988); Klein v. Klein, 485 So.2d 970 (La.App. 5th Cir.1986). As noted by this court in Ellefson, supra, "[o]ur research has failed to reveal any jurisprudence restricting the right of a spouse to contract to pay more alimony than that allowed under a court judgment."
In this case, the obligor spouse bargained away, in part, his statutory right to have post-divorce spousal alimony reduced or terminated due to a change in circumstances by including the non-modification provision in the paragraph of the consent agreement ordering the payment of $7,000 per month. Such a spousal alimony agreement is valid and not subject to reduction or modification except in accordance with the consent agreement. Thus, as in Ellefson, supra, where the spousal alimony award contains a non-modification provision, and a party files a rule to reduce, the court acts properly in maintaining the respondent's Exception Of Failure To State A Cause Of Action.
However, the law in the area of child support awards is to the contrary. Each parent owes an obligation to support, maintain and educate his/her children. La. C.C. art. 227. That obligation may not be renounced or set aside. Pierce v. Pierce, 397 So.2d 62 (La.App. 2nd Cir.1981). The amount of a child support award is now governed by the Child Support Guidelines. La.R.S. 9:315 et seq. Concerning modification of a previous award, La.R.S. 9:311 provides in pertinent part:
An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
A change in circumstances, even as to consent decrees, must be substantial. Johno v. Johno, 633 So.2d 966 (La.App. 5th Cir.1994); Crowder v. Crowder, 595 So.2d 810 (La.App. 2nd Cir.1992); Camp v. Camp, 560 So.2d 469 (La.App. 1st Cir.1990), writs denied, 563 So.2d 1157 (La.1990); Betts v. Betts, 549 So.2d 1246 (La.App. 3rd Cir.1989), writs denied, 552 So.2d 402 (La.1989); Guillory v. Guillory, 503 So.2d 636 (La.App. 4th Cir. 1987). Thus, regardless of language in a consent agreement to the contrary, child support judgments are always reviewable where a substantial change of circumstances has been shown. Ellefson, supra. Thus, an exception of no cause of action or res judicata in response to a rule to reduce child support or set child support, where a substantial change in circumstances has been pled, cannot be properly maintained.
*889 In the present case, the consent judgment contained a paragraph that provided for an in-globo award of $7,000, consisting of both child support and spousal alimony, and containing a non-modification provision. To the extent that the $7,000 award, with a non-modification provision, is for spousal alimony, it is legal, enforceable and not subject to modification. Therefore, the trial court did not err in granting appellee's exceptions of no cause of action and res judicata, as they pertain to this portion of the consent agreement.
However, because child support is always reviewable by the trial court upon a showing of substantial change in circumstances, the result as to this portion of the consent decree differs from that regarding spousal alimony. Therefore, to the extent that the $7,000 award represents child support, and appellant alleged in his pleading a change in circumstances which will permit proof of whether it was substantial, the trial court erred in maintaining appellee's exceptions and dismissing plaintiff's rule to modify child support. Likewise, appellant's plea to have child support set for the two children in his physical custody is also reviewable by the court and not subject to appellee's exceptions.[1]
Because appellant's action was dismissed on exceptions, it is impossible, on the record before us, for this court to determine which portion of the consent judgment was intended to represent child support and which portion was intended to represent spousal alimony. The trial court should attempt to determine what was the intent of the parties. Thus, we must remand the case for a determination of what part of the consent judgment related to spousal alimony and was covered by the non-modification provisions, because only that part was properly dismissed on appellee's exceptions.
Accordingly, for the foregoing reasons, we affirm the judgment of the trial court granting appellee's exception to the use of summary proceedings, insofar as it relates to any claims of nullity of the consent agreement, and granting appellee's Exceptions Of Failure To State A Cause of Action and Res Judicata, insofar as they relate to the spousal alimony portion of the consent judgment where modification has been precluded by the terms of the agreement. Otherwise, we reverse the judgment of the trial court as it relates to appellee's exceptions concerning child support and dismisses appellant's rule and remand the case to the lower court for further proceedings, consistent with the views expressed herein. Appellee is to bear the costs of appeal.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
NOTES
[1] Nothing stated herein in any way reflects an opinion on appellant's probability of ultimate success. The case is only before us on the trial court's granting of appellee's Exception Of Failure To State A Cause Of Action, Res Judicata and Improper Use Of Summary Procedure and Dismissal of appellant's rule.