11 GRISBAUM, Judge.
This appeal arises out of a contempt proceeding concerning past due alimony and child support. We affirm.

ISSUES

We are called upon to determine two principal issues:
(1) Whether a consent support decree constitutes a judgment and, if so, whether it is ripe for summary proceeding, and
(2) Whether income assignment for the enforcement of support orders is limited to the enforcement of child support.

BASIC RECORD FACTS AND PROCEDURAL HISTORY

The record shows that, on April 26, 1991, Vance and Joett Ellefson entered into a consent judgment as part of their divorce decree. On January 6, 1992, Mr. Ellefson filed a Motion for Reduction of Alimony and Child Support. Thereafter, 12she filed an exception of no cause of action, alleging that the awards were contractual and, therefore, not subject to modification. The trial court then granted the exception as to the alimony but denied that aspect regarding child support, which was affirmed by this Court in Ellefson v. Ellefson, 616 So.2d 221 (LaApp. 5th Cir. 1993), writ denied, 617 So.2d 1183-84 (La. 1993).
By judgment dated September 16, 1993, the trial court reduced Mr. Ellefson’s child support obligation pursuant to his earlier motion. He then failed to timely make payments as ordered. On March 31, 1994, Mrs. Ellefson filed contempt proceedings. Judgment was entered on December 2,1994, making the arrearages executory, ordering a wage assignment and attorney’s fees.

ISSUE ONE

Law
Our statutory scheme tells us that a summary proceeding may be commenced by the filing of a contradictory motion or by rule to show cause. La.Code Civ.P. art. 2593. When a payment of support under a judgment is in arrears, the party entitled thereto may proceed by contradictory motion to have the amount of past due support determined and made executory. La.Code Civ.P. art. 3945.
Our jurisprudence tells us that, in order for a summary proceeding (under La. Code Civ.P. art. 3945) to be appropriate, there must be a “judgment” and that a consent judgment is a determination of the rights of the parties acquiring the authority of thing adjudged and constitutes an award previously fixed and determined by the court. See Bernhardt v. Bernhardt, 283 So.2d 226, 228-29 (La.1973) and Eckhardt v. Eckhardt, 499 So.2d 1204, 1205 (La.App. 5th Cir.1986), writ denied, 501 So.2d 213 (La.1987). While it is a bilateral contract, it is likewise a judgment of the court and cannot be unilaterally terminated by one of the parties. Importantly, a consent judgment setting support is different from a ^standard bilateral contract in that it remains subject to the authority of the court and may be modified only by the court upon a sufficient showing of change in circumstances. See Bernhardt, supra, at 228-29 and Eckhardt, supra, at 1205. Thus, a consent judgment setting child support and alimony is a judgment of the court, which then gives rise to summary proceeding.
Additionally, we find the trial court’s award of attorney’s fees is clearly authorized by La.R.S. 9:375 when the court renders judgment to make executory past due payments under spousal or child support award. ISSUE TWO Law
La.R.S. 46:236.3(A)(2) provides:
Upon entry of any order for support on or after October 1, 1985, the court shall enter a separate order for an income assignment which shall be effectuated pursuant to the provisions of this Section when the person ordered to pay support becomes delinquent in payment of an amount equal to at least one month’s support obligation pursuant to the order of support, except that the person ordered to pay sup *1114 port may request or the court may require the order for withholding to take effect immediately. A person ordered to pay support becomes delinquent of an amount equal to at least one month’s support obligation on the day after the support payment is due and the total amount due equals or exceeds one month’s support obligation.
The appellant asserts that “support,” as used in La.R.S. 46:236.3, refers only to child support and does not, therefore, apply to spousal support.
We see our brothers of the Third Circuit have held that “support” as used in the statute is ambiguous and since “child support” is specifically mentioned in other parts of the statute but “spousal support” is not, the statute only applies to child support. See, January v. January, 94-882, 94-883 (La.App. 3d Cir. 2/1/95), 649 So.2d 1133. However, this interpretation is inconsistent with the statute’s legislative history in that it was amended in 1984 to delete the word “child,” which |4had preceded the first two references in the statute to the word “support.” Importantly, the Legislative Title of the amendment states that the amendment was “to provide that provisions for enforcement of child support order [sic] by mandatory wage assignment shall be applicable to all orders for support.” Acts 1984, No. 221, § 1. La. Const, art. Ill, § 15 states that all legislation must contain a brief title indicative of its object. Accordingly, we conclude this language removes the ambiguity and demonstrates the legislative intent that the object of the amendment was to provide La.R.S. 46:236.3 should apply to all orders of support and not be restricted only to child support.
We find that while a consent judgment is contractual in nature, it is, nonetheless, a judgment of the court. Since it is a judgment of the court, use of summary proceedings is appropriate in making the arrearages in the consent judgment executory, and La. R.S. 9:375 authorizes the award of attorney’s fees.
Finally, “support,” as used in La.R.S. 46:236.3, encompasses both child support and spousal support and, therefore, the income assignment may be used to enforce both spousal and child support awards.
For the reasons assigned, the trial court’s judgment is hereby affirmed. All costs of this appeal are to be assessed against the appellant.

AFFIRMED.